## J. L. FITTS v. THE STATE.

### No. 8227.   Delivered May 21, 1924.

### Rehearing denied State Oct. 15, 1924.

1.—Manufacturing Intoxicating Liquor—Circumstantial Evidence—When Sufficient.

Where the state relies upon circumstantial evidence alone, it must exclude every reasonable hypothesis save that of appellant's guilt. The parts of a still and substance called chops found on appellant's premises, and the apparatus discovered, do not, tested by the rules of circumstantial evidence overcome the presumption of innocence, and point to a moral certainty of guilt. See analogous cases Cramer v. State, 246 S. W. 330, and others cited.

2.—Same—Rehearing For State—Motion—Filing Of.

· The state presents a motion for rehearing filed more than fifteen days after rendition of the opinion. It cannot be considered. On a motion for rehearing the same rules apply to the state and to appellant, relative to the filing of same.

Cases may however arise in which a delay in filing a motion for rehearing may be excused, none of which exist in the present instance. See Bailey v. State, 11 Tex. Crim. App. and other cases cited.

Appeal from a conviction in the District Court of Nolan County. Tried below before the Hon. W. P. Leslie, Judge.

Appeal from a conviction of the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

*J. C. Babb, Stinson, Coombes & Brooks,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

In the basement of the appellant's house were found a "big oil stove," and three kegs covered with what appeared to be a wagon sheet. The kegs had chops in them, and the witness supposed that they had in them water and what is usually known as mash. They were practically full of corn chops, mash and water. There was a copper coil with fluid in it which smelled like corn whisky. There was a jug, funnel, a syrup bucket, fruit jars, and an old tank that looked like a Presto tank. The tank had a capacity of "three, four or five gallons," and had an attachment on it to which a coil could be attached. The witness said: "I think there was a little liquor in the jug which had the smell of whisky." There was some charcoal which smelled like whisky. No effort was made to connect the coil with the tank; nor was there evidence that the coil could be attached to the tank; that is, that there was any attachment that would fit the two together. None of the fluid found was tasted or analyzed. There was a lot of rubbish in the basement.

All of the articles found were produced at the trial except the tank or boiler. Explaining the absence of the boiler the sheriff said:

"Ignorance on my part is the reason why we did not bring that Presto tank along with us; we were hunting a boiler. We didn't know anything at the time about that being it, until a few days afterwards. I didn't know what kind of a boiler we were hunting for, but we were hunting for a complete outfit; but some three or four days afterwards Mr. Graham said something about using a Presto tank for a boiler, and I reminded him that there was one there, and he says, 'You boys have pulled one.' It was ignorance on my part in not bringing it; I didn't know any better. I didn't even attempt to fit the coil on the Presto tank; for that reason—that I didn't know they could use that for the purpose of a boiler."

The appellant and his witnesses gave testimony to the effect that the articles had never been used for making whisky; that the substance of the kegs was not mash; that there were no means of connecting the Presto tank or using it for a boiler; that some of the articles found were gotten by the appellant with the intent of making whisky but had never been used for that purpose.

The State relied upon circumstances alone to support the conviction, and an instruction was given embracing the rule applicable to circumstantial evidence.

The only question arising for review is whether measured by the law of circumstantial evidence, the facts proved exclude every hypothesis arising from the evidence save that of guilt. The evidence that several of the articles found upon the premises of the appellant might have been used in constructing a distillery or an apparatus with which whisky could be made is not conclusive. With the fact in evidence that with the apparatus found whisky could be made, there seems no cogent proof that there was found a boiler which is understood to be one of the essentials in the manufacture of whisky. The evidence touching the character of the substance called chops or mash does not show that whisky could have been manufactured from the substance. It was in the possession of the State, and its nature and character were available to the State. The absence of this proof is not to be made the basis of a presumption against the appellant. The sheriff produced in court all of the articles found which were deemed by him as of a criminating nature, but failed to produce the boiler, which was essential to complete the still. The quantity of whisky that was on hand is not revealed, and that it was whisky is not proved in a very cogent manner. Assuming, however, that there was some whisky, and that some of the articles were capable of use in the manufacture of a still and may have at some future time been used, the theory advanced by the testimony of the appellant and arising from the incomplete nature of the apparatus discovered is not deemed, tested by the rules of circumstantial evidence, sufficient to overcome the presumption of

innocence and point to a moral certainty of guilt. Analogous cases are Cramer v. State, 246 S. W. Rep., 380; Williams v. State, 227 S. W. Rep., 316; Hardaway v. State, 236 S. W. Rep. 467; Schmidt v. State, 260 S. W. Rep., 848.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Judge.—The opinion in which the judgment was reversed and the cause remanded was delivered and entered of record on May 21st, 1924. The State presents a motion for rehearing which was not filed until the 26th day of June thereafter. Appellant insists that we should not consider said motion because it was filed more than fifteen days after the rendition of the judgment. The same rules apply to the State and appellant relative to the filing of motions for rehearing, and it has been uniformly held by this court that a motion filed by either after the expiration of fifteen days from the date of judgment was not filed within the time required, and that a delayed motion would not be considered unless under extraordinary circumstances, none of which exist in the present instance. Bailey v. State, 11 Tex. Crim. App., 140; Craddock v. State, 15 Tex. Crim. App. 641; Carusales v. State, 47 Tex. Crim. Rep., 2, 82 S. W. 1038; Jordan v. State, 64 Tex. Crim. Rep., 187, 141 S. W. 792; Kraft v. State, 86 Tex. Crim. Rep., 484, 217 S. W. 1038.

No reason appearing why the State's motion was not filed within the required time, and in the absence of any peculiar or special reason why the motion should be considered such as appear in some of the cases referred to, appellant's suggestion that the State's motion should not be considered must prevail.