STERLING JACKSON v. THE STATE.

No. 9503.    Delivered June 24, 1925.

Murder—Evidence—Insufficient.

Where on a trial for murder, the state relies for a conviction upon circumstantial evidence, the states evidence must exclude every reasonable hypothesis other than that of guilt. It must overcome the presumption of innocence, by doing more than merely showing motive or opportunity or both for the commission of the homicide. Failing to meet this measure of proof, this cause must be reversed.

Appeal from the District Court of Bastrop County.    Tried below before the Hon. J. B. Price, Judge.

Appeal from a conviction of murder; penalty, thirty years in the penitentiary.

The opinion states the case.

*R. A. Brooks* and *J. F. Hair,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the district court of Bastrop County for the offense of murder, and his punishment assessed at thirty years confinement in the penitentiary.

The testimony shows that Topper Martin, the deceased, was killed by a gunshot wound some time during the night of October 18, 1924. He was found in his kitchen at home, had dough on both hands and the indications were that he was making bread when shot.    A shot gun was lying parallel with him under his body.    The gun had no dough on it.    The officers testified that they observed defendant's condition while about the premises and stated that he was nervous and "acted queer" while they were at deaceased's home investigating the killing.    That there were various other negroes present.

The testimony showed that appellant was intimate with deceased's wife and that he visited her frequently while she was living with her husband. That she and her husband had separated and that she was suing him for a divorce and for a division of the property. She testified that on the day of the night the killing occurred she told appellant she was going back to her husband and defendant told her he would kill them both to prevent this reconciliation. Other threats were proved as having been made by appellant against deceased. It was also shown that appellant was seen early in the morning after the killing occurred, that he was crying and explained that he had suffered from a bad dream about his brother.

One witness testified that appellant had in his possession a pump gun about 2:00 o'clock in the afternoon before the killing occurred that night; but no witness claims to have seen him with a gun after that time. If there are other incriminating facts in this record tending to connect appellant with the offense, we have failed to find them.

Appellant testified and denied any knowledge of the killing. It was in evidence that deceased's wife was promiscuous with her sexual favors in her neighborhood and defendant denied more than a passing fancy for her, and denied making any threats or seeking to prevent a reconciliation between her and deceased. It was his theory that the wife of deceased was desirous of possessing their joint estate and his testimony presents this as a motive as to why she might have been guilty of the killing of deceased.

We have carefully studied the statement of facts in this case and have reached the conclusion that the evidence is insufficient to show the defendant's guilt. The case was one purely of circumstantial evidence and so far as we have been able to determine from a careful study of the record, the State was not able to do more than show a motive on the part of appellant for the commission of the offense. This, as we understand the law, is not sufficient. Before a conviction may be had on circumstantial evidence the circumstances taken together must be of a conclusive nature and they must produce in effect a reasonable and moral certainty that the accused and none other committed the offense. We cannot say that the circumstances in the case meet this test. It is incumbent upon the State to overcome the presumption of innocence that shields the party on trial by doing more than merely showing motive or opportunity or both for the commission of the homicide. It must meet the full burden and show by evidence beyond a reasonable doubt not only that the deceased met his death by some criminal means or agency but it must go further and show beyond a reasonable doubt that the defendant is the guilty agent. The facts in this case, fall short of establishing the appellant's guilty agency in connection with this

homicide. The only circumstances stated by the State tending to connect this appellant with the homicide are those which show criminal intimacy between appellant and the wife of deceased and in addition to this threats more or less conditional are testified to by some of the witnesses as having been made by the appellant against the deceased. On the contrary, the record shows that persons other than the appellant had equal opportunity and equal motive for the commission of the offense. Under these circumstances, we cannot let this conviction stand.

Because we do not believe the evidence supports the verdict, it is our opinion that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.