SIMON CASTRO v. THE STATE.

No. 13427. Delivered June 18, 1930.
Reported in 29 S. W. (2d) 760.

The opinion states the case.

*L. D. Stroud,* of Beeville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment, confinement in the penitentiary for two years.

The indictment charges that appellant did unlawfully break and enter a house then and there occupied and controlled by Luis Murray, with the intent then and there to fraudulently take therefrom corporeal personal property, etc. The indictment containing this character of allegation charges either a nighttime or daytime burglary. Cox v. State, 194 S. W. 138. We are not concerned here with the burglary of a private residence at night.

The state relied upon circumstantial evidence. A cash register which Luis Murray, the injured party, testified belonged to him was traced to the possession of appellant. Mr. Murray testified that on

the night of the alleged burglary he closed all the doors and openings to his shop. He said further that there was a door leading into his shop from a room on the north side thereof which he rented to one Gonzales and his family. It appears from the testimony of Mr. Murray that this door was left open on the night of the burglary in order that Gonzales might enter the shop for the purpose of getting water. We quote the testimony of the injured party at this point as follows:

"After closing the shop, there was just one way that a fellow could get in there—Estavan Gonzales and his family lived there in a room next to the shop on the north side. That room was not closed next to the shop because Estavan had permission to go in there and get water. I didn't close that door that night, but just closed the door in front of the shop. That door was open that night but all doors and openings to the shop were closed."

There was a door to the room occupied by Gonzales and family which afforded entrance from the outside. The injured party testified that this door could not be shut. No member of the Gonzales family testified that the doors affording entrance to their room from the outside and entrance to the shop of the injured party were closed on the night of the burglary. According to the testimony of Mr. Murray, said doors were open on the occasion in question. There is no evidence in the record that the doors and windows over which the injured party had control and which he testifies were closed and fastened on the night of the burglary had been tampered with or opened. In short, the evidence fails to show that entrance was gained through either a closed door or window.

Appellant's contention that the evidence is insufficient must be sustained. It was incumbent upon the state to show beyond a reasonable doubt that the burglary was effected by "breaking," as defined in Art. 1394, P. C. Cox v. State, supra. If appellant made an entry through the open doors referred to in the testimony detailed above without the use of force, he was not guilty of entering the house by "breaking" as charged in the indictment. Circumstantial evidence is sufficient only when it excludes every other reasonable hypothesis except that of the guilt of the accused. Branch's Annotated Penal Code, Section 1875. The hypothesis that appellant entered the shop of the injured party through the open doors referred to is reasonable. There is nothing in the testimony which in any manner tends to exclude such hypothesis.

- The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.