**Randolph WILSON, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–154–CR.**

Court of Appeals of Texas,
Corpus Christi.

Dec. 23, 1981.

Discretionary Review Granted
March 31, 1982.

J. Manuel Banales, Corpus Christi, for appellant.

Mike Westergren, County Atty., Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction for Class A misdemeanor theft. Punishment was assessed at 60 days in jail.

This is a circumstantial evidence case. On Saturday, May 31, 1980, appellant and a female companion entered Accents, Etc., a ceramic and gift shop in Corpus Christi, Texas. The couple was met by Helen Hause, one of the store owners. The female companion asked to buy some water color paint. While Hause was attending to the female's request, the appellant was walking back and forth in the store. When the sale was made, Hause executed a sales slip. She kept the original and gave the female a copy printed on yellow paper. The couple then left the store.

Hause was suspicious of the couple and made a check of the store's merchandise. She discovered a copper ring missing. An inventory conducted on the following Monday revealed a second ring to be missing, a silver one with a black stone. On that same day, Elaine Rice, an employee of the store, received a telephone call from a man who did not identify himself. The call came at around 7:00 p. m. The caller asked about the store hours and said he wanted to return two rings because they did not fit. Rice told the caller he would have to produce a receipt. The caller said that he no longer had the receipt and hung up.

One hour after this phone call was made, the appellant arrived at the store. He told Ms. Rice that he wanted to return two jars of paint that his wife had purchased because the paint was not the right color. He also stated he wanted to return the two rings which he laid down on the counter. Ms. Rice requested his sales receipt. Appellant produced the yellow customer receipt. On the sales receipt, in addition to other writing, was written, "two rings." Rice noticed that the color of the ink used to write "two rings" was different from the ink used on the rest of the receipt. She left

and obtained the original receipt and observed that it contained no entry concerning rings, only an entry relating to the jars of water color paint. Ms. Rice then told the appellant that because of these discrepancies she would not refund his money for the rings. She told him that if he wanted a refund for the rings, he would have to return and talk with the store manager. Rice refunded appellant's money for the paint, whereupon the appellant took the rings and the yellow receipt and left the store. The rings were never recovered.

■ In ground of error one, appellant challenges the sufficiency of the evidence to support the conviction. Circumstantial evidence will be sufficient to support a conviction if the facts proved support a reasonable inference that the defendant committed the crime and exclude to a moral certainty any inference consistent with his innocence. *Galvan v. State*, 598 S.W.2d 624, 627 (Tex. Cr.App.1979); *Thomas v. State*, 148 Tex. Cr.R. 526, 189 S.W.2d 621, 625 (1945). Inferences consistent with innocence must be reasonable and based on the facts proved. *Phelps v. State*, 594 S.W.2d 434, 436 (Tex. Cr.App.1980); *Flores v. State*, 551 S.W.2d 364, 367 (Tex.Cr.App.1977). It is not necessary that every fact proved point directly and independently to the defendant's guilt. It is enough if the inference of guilt is warranted by the combined and cumulative force of all the incriminating facts proved. *Flores v. State*, 551 S.W.2d at 367. Each case must be determined by its own facts and viewed in the light most favorable to the verdict. *Ysasaga v. State*, 444 S.W.2d 305, 308 (Tex.Cr.App.1969).

■ Appellant argues that the rings that the appellant returned to the store were not identified as the same rings found to be missing in the inventory. Where, as here, evidence of possession of recently stolen goods is relied upon for conviction, it must be shown that the goods were the goods taken from the owner. *York v. State*, 511 S.W.2d 517, 518 (Tex.Cr.App. 1974). In the context of the facts summarized above, the owner's prompt discovery after the couple left the store that the rings

were missing, coupled with appellant's attempt to seek a refund for two rings utilizing the altered customer receipt was sufficient evidence from which the jury could reasonably infer that the rings appellant presented to Ms. Rice were the same rings described as missing by the owner. *Foster v. State*, 603 S.W.2d 879, 881–882 (Tex.Cr. App.1980).

■ Next, appellant argues that the evidence fails to exclude the possibility that appellant's female companion took the rings. The circumstances proved show no more than the female's presence in the store, her purchase of paint, and that she obtained a receipt. There is no probative evidence in the record from which the jury could reasonably infer that the female ever had knowledge of or control over the rings. Appellant's ground of error one is overruled.

■ In ground of error two, appellant contends that the trial court erred in permitting Ms. Elaine Rice to testify concerning statements made to her in a telephone call. Appellant's objection was that the caller was not identified. After a preliminary hearing, the trial judge found that the contents of the call together with the subsequent acts of the appellant during his return to the store were sufficient to identify him as the caller. In this we agree. The trial court acted properly in admitting the testimony. This ground is overruled.

■ Next, appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor argued that appellant had falsified the receipt. We hold that this argument was a reasonable deduction from the evidence. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Cr.App. 1973) (Crim.Law Key 719[1], 1171.3). No error is shown.

■ Finally, the appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor made the remark during his argument, "Please don't let the defense scare you." The trial court promptly instructed the jury to disregard

the prosecutor's statement. Although we do not approve of this remark, any harmful effect which may have resulted therefrom was removed by the trial judge's admonition. *Spaulding v. State*, 505 S.W.2d 919, 922 (Tex.Cr.App.1974).

The judgment of the trial court is affirmed.