Randolph WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 072–82.

Court of Criminal Appeals of Texas, En Banc.

March 23, 1983.

Rehearing Denied July 20, 1983.

J. Manuel Banales, Corpus Christi, for appellant.

Michael J. Westergren, County Atty. and Abe Factor, Asst. County Atty., Corpus Christi, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

This is a petition for discretionary review from the Corpus Christi Court of Appeals. Appellant is complaining of the affirmance of his conviction for theft over $20.00 but less than $200.00. Punishment was assessed at sixty days. Since appellant challenges the sufficiency of the evidence, a summary of the facts is required. Appellant was charged with stealing two rings. Appellant specifically alleges that there is no evidence to connect him with the rings.

Helen Hause testified that she was a co-owner of Accents, Etc., a gift and ceramics shop in Nueces County. On May 31, 1980, appellant and a woman came into the store. The woman companion asked to purchase some paint. Mrs. Hause testified that while she was waiting on the woman, appellant was walking around the interior of the store. Hause also related that appellant and the woman argued as to whether she should buy one or two jars of paint and the woman ended up purchasing two jars. Hause, as her practice, made out a receipt for the sale of the paint. Hause kept the original receipt and handed a copy of the receipt to the woman. Appellant and the woman then left the store. Hause was suspicious of the couple and checked the store's merchandise. Her check revealed that one ring was missing. An inventory conducted the following Monday revealed a second ring was missing.

Elaine Rice testified that she was employed by Accents, Etc., although she was not working on the day of the theft. However, she was at the store on the following Monday when the phone rang at about 7:00 p.m. The caller did not identify himself on the phone. The caller asked what time the

store closed and then said he had two rings he had purchased and would like to return. Rice told him he would have to have a receipt. The caller stated he no longer had a receipt and hung up. Appellant arrived at the store one hour later. Appellant presented two jars of paint, two rings and a sales receipt and said he wanted his money back. Appellant's copy of the sales receipt had been altered to reflect the sale of two rings in addition to the paint. Rice discovered the discrepancy by comparing the copy of the sales receipt with the store's original sales receipt. Rice refused to refund the price of the rings, but she did refund the price of the paint. Rice did not take custody of appellant's copy of the sales receipt or the rings. Appellant was later arrested in regard to the theft of the rings.

In his first ground of error appellant argues that the evidence is wholly insufficient to show that the rings appellant had in his possession when he returned to the store were the same rings stolen from the store on May 31, 1980. The Court of Appeals found that under the facts of the case the jury could reasonably infer that the rings presented to Elaine Rice were the same rings described as missing by the owner.

■ The jury was provided with an instruction on circumstantial evidence. As noted by the Court of Appeals, circumstantial evidence will be sufficient to support a conviction if the facts proved support a reasonable inference that the defendant committed the crime and exclude to a moral certainty any inference consistent with his innocence. *Galvan v. State,* 598 S.W.2d 624, 627 (Tex.Cr.App.1979). However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982); *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App. 1982). The evidence before us merely shows that sometime after appellant was in the store two rings were discovered missing. There is no testimony that anyone saw appellant or his companion take the rings.

In addition, the evidence shows that several days later appellant returned to the store and attempted to return two rings which he maintained he had purchased from the store. Again, there is nothing in the record to show that these were the same two rings stolen from the store on May 31. The rings were never introduced into evidence. We find the circumstantial evidence insufficient to exclude every reasonable hypothesis except the guilt of the appellant. *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982). Thus, the opinion of the Court of Appeals must be reversed and reformed to show an acquittal. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

■ The State argues that in determining the sufficiency of the evidence an appellate court must view the evidence in the light most favorable to the prosecution. The State relies on *Girard v. State,* 631 S.W.2d 162 (Tex.Cr.App.1982), and *Griffin v. State,* 614 S.W.2d 155 (Tex.Cr.App.1981). However, we would point out that footnote 5 in *Griffin v. State,* supra, recognizes a different standard of review in circumstantial evidence cases. In *Sewell v. State,* 578 S.W.2d 131 (Tex.Cr.App.1979), this Court stated that in circumstantial evidence cases the evidence is insufficient if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. This is the standard that must be used in the appellate review of circumstantial evidence cases. In applying this standard to the instant case, we find the evidence adduced at trial insufficient.

Appellant has raised four other grounds of error. However, due to our disposition of the case, we find it unnecessary to consider them. The judgments of the Court of Appeals and the trial court are reversed, 626 S.W.2d 840 (Tex.App.1981), and the case is remanded to the trial court with instructions that an order of acquittal be entered.

ONION, Presiding Judge, concurring.

I wholeheartedly agree and concur in the result reached by the majority in reversing

the conviction based upon circumstantial evidence, and using the test for the sufficiency of circumstantial evidence to sustain a conviction, which has been the law of this state at least, since the decision of *Henderson v. State,* 14 Tex. 503, 514 (1855).

Under this test, every circumstantial evidence case must necessarily be tested by its own facts to determine the sufficiency of the evidence to support the conviction. *Earnhart v. State,* 575 S.W.2d 551, 554 (Tex. Cr.App.1979); *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977); *Moore v. State,* 532 S.W.2d 333 (Tex.Cr.App.1976); *Higgins v. State,* 515 S.W.2d 268 (Tex.Cr.App.1974); *Indo v. State,* 502 S.W.2d 166 (Tex.Cr.App. 1973). A conviction on circumstantial evidence, however, cannot be sustained if the circumstances proved do not exclude every other reasonable hypothesis except that of the guilt of the accused and proof amounting to only strong suspicion or mere probability is insufficient. This was forcefully pointed out in *Flanagan v. State,* 620 S.W.2d 591, 593 (Tex.Cr.App.1981), an opinion for the court by Judge Tom Davis. See also *Flores v. State,* 489 S.W.2d 901 (Tex.Cr. App.1973); *Kinkle v. State,* 474 S.W.2d 704 (Tex.Cr.App.1972); *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App.1969); *Brock v. State,* 162 Tex.Cr.R. 339, 285 S.W.2d 745 (Tex.Cr.App.1956).

Judge W.C. Davis, speaking for the court, in *Bonds v. State,* 573 S.W.2d 528, 533 (Tex. Cr.App.1978), wrote:

"This court has a duty of insuring that no one is convicted of a crime except upon proof beyond a reasonable doubt and, in a circumstantial evidence case, upon proof excluding all other hypotheses except appellant's guilt. *Easley v. State,* 529 S.W.2d 522 (Tex.Cr.App.1975)."

Having re-affirmed the long-standing test for the sufficiency of the evidence, the majority correctly rejects the cases relied upon by the State Prosecuting Attorney in his brief and properly cites *Sewell v. State,* 578 S.W.2d 131 (Tex.Cr.App.1979), which recognizes the standard of appellate review in circumstantial evidence cases. The majority, in my opinion, however, falls short of making an adequate explanation of this standard since there exists some confusion about such standard.

The general rule as to appellate review of the question of the sufficiency of the evidence to sustain a conviction is that the evidence must be viewed by the appellate court in the light of the jury's verdict or the court's judgment depending upon whom the trier of the facts happens to be. See *Bowers v. State,* 570 S.W.2d 929, 932 (Tex.Cr. App.1978); *Ransonette v. State,* 550 S.W.2d 36, 42 (Tex.Cr.App.1976). See also *Darrington v. State,* 623 S.W.2d 414 (Tex.Cr.App. 1981); *Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980); *Ahearn v. State,* 588 S.W.2d 327 (Tex.Cr.App.1979); *Nixon v. State,* 572 S.W.2d 699 (Tex.Cr.App.1978); 13A Tex.Digest, Crim.Law Key 1144.13(2). This general rule is not to be applied in reviewing on appeal the sufficiency of circumstantial evidence to sustain a conviction. Nevertheless, published opinions of this court and the Courts of Appeals can be found which erroneously apply the general rule in circumstantial evidence cases. This confusion should be avoided.

In *Sewell v. State,* supra, a panel of this court wrote:

"The general rule for reviewing the sufficiency of evidence is that it will be viewed in the light most favorable to the jury verdict. *Bowers v. State,* 570 S.W.2d 929, 932 (Tex.Cr.App.1978). However, this court has applied a different test when the verdict is based on circumstantial evidence; the evidence is insufficient if the the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused. *Stogsdill v. State,* 552 S.W.2d 481 (Tex. Cr.App.1977). As was stated in *Culmore v. State,* 447 S.W.2d 915 (Tex.Cr.App. 1969):

"'In ascertaining whether guilt of the accused has been established to a moral certainty, the appellate court will review evidence in light of the presumption that the accused is innocent. The Court will not presume any acts against the accused that are not shown to have been committed by him. Furthermore, a conviction

will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged.' "

The rule stated in *Sewell* is well established. See, e.g., *Earnhart v. State,* 575 S.W.2d 551 (Tex.Cr.App.1979); *Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977); *Suff v. State,* 531 S.W.2d 814 (Tex.Cr.App. 1976); *Davis v. State,* 516 S.W.2d 157 (Tex. Cr.App.1974); *Ysasaga v. State,* 444 S.W.2d 305, 308–309 (Tex.Cr.App.1969); *Hollingsworth v. State,* 419 S.W.2d 854 (Tex.Cr.App. 1967); *King v. State,* 396 S.W.2d 409 (Tex. Cr.App.1965); *Ramirez v. State,* 163 Tex. Cr.R. 109, 289 S.W.2d 251 (Tex.Cr.App. 1956). See also 24 Tex.Jur.2d, Evidence, § 742, p. 422; 5 Am.Jur.2d, Appeal and Error, § 821, p. 262.

In applying the general rule to the instant case and citing *Ysasaga v. State,* 444 S.W.2d 305, 308 (Tex.Cr.App.1969), in support thereof, the Court of Appeals was in error. *Ysasaga* gives a more detailed description of the standard to be applied in circumstantial evidence than does *Sewell.*

Since the majority reiterates the long-established test for the sufficiency of evidence in circumstantial evidence cases and the proper standard for appellant review in such cases, I again call to the majority's attention my recent dissent in *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983). In *Hankins* the majority abolished the 127-year-old rule requiring a cautionary jury instruction on the law of circumstantial evidence where the case rests wholly upon circumstantial evidence. Such cautionary instruction recognized the need to protect the accused in a criminal prosecution from jury conjecture and speculation, and was designed to guard the jury from basing their verdict upon mere surmises. *Myers v. State,* 6 Tex.Cr.R. 1 (1879).

In dissenting this writer, inter alia, noted:

"Now that the majority abolishes the requirement for the cautionary charge on the law of circumstantial evidence, what is to be the legal formula for testing the sufficiency of the evidence in a case based wholly on circumstantial evidence?

Is it to remain the same test approved by the Supreme Court of Texas in 1855 in Henderson and followed consistently since that time? See footnote # 4. The majority does not tell us, and with a studied stubbornness, chooses to ignore the question. If the test is to remain the same, then the jury is entitled to a charge on the law of circumstantial evidence as has been given in the past. See Article 36.14, V.A.C.C.P.[13] It would be the height of absurdity to keep the jury in the dark about the requirements of the law regarding the sufficiency of circumstantial evidence and then apply the test required by law to any guilty verdict rendered. If the test is to be changed, now is the time to do it, not later after much confusion as to what test is to be applied. If there is to be a new and different test, it should be clearly delineated, the reasons for its adoption set forth, as well as the reasons for the demise of the former rule. It should be remembered that not only will the appellate court be dealing with sufficiency questions, but so will the trial courts when passing on motions for instructed verdicts and motions for new trials. Guidelines are needed now in an area which has been churned by today's decision. The majority owes this much to the bench and the bar, and if you, please, the people of Texas.

---

[13] Article 36.14, supra, provides in part:

'Subject to the provisions of Article 36.07 in each felony case and in each misdemeanor case tried in a court of record *the judge shall,* before the argument begins, *deliver to the jury,* except in pleas of guilty where a jury has been waived, *a written charge distinctly setting forth the law applicable to the case;* ....' (Emphasis supplied.)"

Since the test for determining the sufficiency of the evidence is to remain the same, the majority may wish to let the jurors know the law by which their guilty verdict will be tested.

For the reasons stated, I concur in the result reached in the instant case.

CLINTON, Judge, dissenting.

When first considering appellant's petition for review I was more concerned about

disposition of his other grounds of error than with sufficiency of evidence adduced to show his guilt—my view being that in reviewing a circumstantial evidence case it is appropriate that judges of this Court grant an appreciable measure of deference to a reasoned determination by a court of appeals that circumstantial evidence is sufficient. Now, however, the majority assays the same evidence against substantially the same tests utilized by the court of appeals [1] —and finds it wanting, in that the majority says the evidence is "insufficient to exclude every reasonable hypothesis except the guilt of the appellant." (Opinion p. 467.) [2]

Essentially then, my Brothers on this Court are simply substituting their collective judgment for that of three members of the court of appeals on a matter about which reasonable judges sometimes differ.

My own perception of the role of discretionary review assigned to this Court by recent constitutional amendments and concomitant implementing legislation *vis a vis* the fourteen courts of appeals is that it is more a "law court" than an appellate arbiter over competing contentions of parties on direct appeal. Article 44.45, V.A.C.C.P.

and Tex.Cr.App. Rule 302(c); see *Combs v. State,* 643 S.W.2d 709, 714–717 (Tex.Cr.App. 1982). Thus, in a circumstantial evidence case, though called on to do so in a petition for discretionary review, we are not required to reexamine the record of evidentiary facts and circumstances for reasonable hypotheses other than guilt—especially when the court of appeals has undertaken that task and has rationally rejected the ones suggested by appellant.[3]

For these reasons I would not disturb the findings and conclusions of the intermediate court with respect to sufficiency of the circumstantial evidence to support the verdict of guilt rendered by a properly charged jury. Since the majority reverses the judgment for insufficient evidence, my other concerns are mooted.

Therefore, I dissent.

ODOM, J., joins.

## OPINION ON STATE'S MOTIONS FOR REHEARING

CLINTON, Judge.

Leave to file motion for rehearing was granted the State in these causes and they

---

1. *Wilson v. State,* 626 S.W.2d 840 (Tex.App.— Corpus Christi 1981). Though the court alluded to the "general rule" of appellate review and in that connection cited *Ysasaga v. State,* 444 S.W.2d 305, 308 (Tex.Cr.App.1969), its overall analysis comports with our traditional sufficiency tests on appeal of a circumstantial evidence case.

2. As the author of the panel opinion in *Sewell v. State,* 578 S.W.2d 131 (Tex.Cr.App.1979)— discussed by the majority and concurring opinions—and a member of the panel that decided *Girard v. State,* 631 S.W.2d 162 (Tex.Cr.App. 1982), I fully agree with statements of law of circumstantial evidence in other opinions in this cause, and their application in the cases cited. Indeed, attention is invited to application of those principles in *Girard v. State,* supra, at 164: "The correct procedure involves accepting the inculpatory circumstances ... and then asking if there is a reasonable hypothesis other than guilt which also would account for such circumstances." As I understand the opinion of the Corpus Christi Court of Appeals, that is precisely how it treated appellant's contention that "the evidence fails to exclude the possibility that appellant's female companion took the rings," 626 S.W.2d at 842.

3. Appellant's female companion bought the water color paint on a Saturday, and she received a yellow copy of the sales slip. Suspicions aroused by their conduct, a store owner immediately determined one ring was gone; two days later, on Monday, an inventory revealed a second ring could not be accounted for. Thus, two rings were missing when appellant came in Monday evening with the altered sales slip copy, the two jars of paint and two rings, asserting the paint his wife had purchased was not the right color and, according to the majority opinion, claiming also that "he had purchased [the two rings] from the store." It seems to me that a permissible rational inference—if not a logically necessary one—is that appellant presented and sought a refund for the only two rings missing after his presence in the store on Saturday when just the water color paint was bought, particularly since it is undisputed that while in the store on Saturday he did not purchase any rings. Similarly, his own possession of the rings and his claim of right to them, along with his other representations, would seem to rule out any hypothesis that his companion, without his aid or participation, had stolen them.

were consolidated in order for us to determine whether the "standard for appellate review" is the same for circumstantial evidence cases and direct evidence cases.

■ The question of sufficiency of evidence to sustain a state criminal conviction implicates the Fourteenth Amendment. *Jackson v. Virginia,* 443 U.S. 307, 319 n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979), "announced . . . the constitutional minimum required to enforce the due process right" to be free from conviction except on proof beyond a reasonable doubt. The Court then reasoned:

"[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.' *Woodby v. INS,* 385 U.S. [276,] at 282 [, 87 S.Ct. 483, at 486, 17 L.Ed.2d 362]. Instead, *the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.* See *Johnson v. Louisiana,* 406 U.S. [356,] at 362 [, 92 S.Ct. 1620, at 1624, 32 L.Ed.2d 152]. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the fact-finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon 'jury' discretion only to the extent necessary to guarantee the fundamental pro-

tection of due process of law. [Footnotes omitted and emphasis added.]" 443 U.S. at 318–319, 99 S.Ct. at 2788–2789.

Although *Jackson* was setting a standard for review of state convictions by federal courts, the due process requirements that it announced were based expressly on the Fourteenth Amendment. They are binding on the states and constitute a minimum standard for our sustaining a conviction. "Under [*In re*] *Winship,* [397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970),] which established proof beyond a reasonable doubt as an essential of Fourteenth Amendment due process, it follows that when such a conviction [that was obtained even when no rational trier of fact could have found guilt beyond a reasonable doubt] occurs in a state trial, it cannot constitutionally stand." 443 U.S. at 317–318, 99 S.Ct. at 2788. "[S]tate appellate review undoubtedly will serve in the vast majority of cases to vindicate the due process protection that follows from *Winship. . . ."* 443 U.S. at 322, 99 S.Ct. at 2791.

■ It follows that circumstantial evidence should not be tested by an *ultimate* "standard for review" different from direct evidence; the standard in both kinds of cases is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Accord *Griffin v. State,* 614 S.W.2d 155 (Tex. Cr.App.1981).

■ Still, we are unable to devise or discover any reason, compelling or otherwise, for abandoning the utilitarian "exclusion of outstanding reasonable hypotheses" analysis for *applying* the above "standard for review" in circumstantial evidence cases. By the nature of circumstantial evidence, in order to determine it rationally establishes guilt beyond a reasonable doubt, a process of elimination must be used. Illustrative is *Taylor v. State,* 653 S.W.2d 295 (Tex.Cr. App.1983). We there cited the *Jackson* "standard for review;" in actually assessing the evidence, no method *other than* a process of eliminating the guilt of others under the evidence could be fashioned to effectively conclude the evidence rationally es-

tablished Taylor's guilt beyond a reasonable doubt. See also *Girard v. State,* 631 S.W.2d 162 (Tex.Cr.App.1982). Stated in the converse, if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding.

Moreover, scrutiny of the analysis suggested in the motions for rehearing (that the focus of our inquiry should be on "any evidence which could rationally support the verdict") reveals it to be functionally indistinguishable from that specifically rejected by the Supreme Court in *Jackson,* supra, as violative of the Fourteenth Amendment.

■ Finally, as the motions for rehearing persuasively argue, this Court's opinions have never held the circumstantial evidence *analysis* constitutes a different *standard for review* from that to be ultimately applied in direct evidence cases.* If the State's evidence supports an inference other than a finding of the essential elements of the crime, then no trier of fact could *rationally* find the accused guilty *beyond a reasonable doubt*—and this is true irrespective of the character of the evidence.

In sum, we are convinced there are no better analytical guidelines for assaying whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt in any given conviction had upon circumstantial evidence than those we currently employ.

The State's motions for rehearing are overruled.

---

* It is true that some opinions of the Court have quoted language apparently originating from the pen of an author or editor of *Texas Jurisprudence* to the effect that in circumstantial evidence cases an appellate court will "review the evidence in light of the *presumption that the accused is innocent,*" 18 Tex.Jur. § 309, p. 432.

Literally and technically inaccurate, the statement is revealed as a writer's attempt to convey the notion that the State's burden of adducing proof beyond a reasonable doubt is but a conceptual corollary of the presumption of innocence, and a failure to produce that evidentiary quantum operates to absolve the appellant. [See *Hill v. State,* 118 Tex.Cr.R. 73,

ONION, P.J., concurs in result.

MILLER and CAMPBELL, JJ., not participating.

McCORMICK, Judge, concurring.

I agree that the standard for review in any case is *whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.* I write to emphasize that application of the "exclusion of outstanding reasonable hypotheses" analysis is, as stated by the majority, one criteria which may be applied in arriving at the answer to the ultimate result, but it should not be considered an element of that ultimate standard. And as the majority emphasizes, the method of analysis does not change this standard of review.

Logic dictates that if there is a "reasonable hypotheses" other than the guilt of the accused, then it cannot be said that the guilt has been shown "beyond a reasonable doubt." In *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1983), we recognized that direct and circumstantial evidence were to be treated with equal dignity. Thus, any effort to weave into the standard of appellate review any exception or difference or special treatment for one type of evidence or the other will fail for lack of logic.

Lastly, in applying this standard to the cases before us, the final outcome is the same. Therefore, I concur in the overruling of the States' motions for rehearing in each case.

TOM G. DAVIS, W.C. DAVIS and TEAGUE, JJ., join in this concurrence.

---

38 S.W.2d 787 (Tex.Cr.App.1931); *Castro v. State,* 115 Tex.Cr.R. 291, 29 S.W.2d 760 (Tex.Cr.App.1930); *Jones v. State,* 111 Tex.Cr.R. 172, 11 S.W.2d 798 (Tex.Cr.App.1928) (Opinion on State's Second Motion for Rehearing); *Jackson v. State,* 101 Tex.Cr.R. 169, 274 S.W. 585 (Tex.Cr.App.1925); *Mathis v. State,* 100 Tex.Cr.R. 509, 272 S.W. 204 (Tex.Cr.App.1925); *Fitts v. State,* 98 Tex.Cr.R. 146, 264 S.W. 1006 (Tex.Cr.App.1924); *Wales v. State,* 86 Tex.Cr.R. 183, 217 S.W. 384 (Tex.Cr.App.1919); *Wilkie v. State,* 83 Tex.Cr.R. 490, 203 S.W. 1091 (Tex.Cr.App.1918); *Hampton v. State,* 1 Tex.Ct.App. 652 (1877), which are cited for the mentioned inaccurate proposition at 24 Tex. Jur.2d, § 742, p. 425, n. 13 (1961).]