**Robert Earl TIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0191–CR.**

Court of Appeals of Texas, Tyler.

April 28, 1983.

Randal B. Gilbert, Tyler, for appellant.

Jack Skeen, Jr. Dist. Atty., Tyler, for appellee.

SUMMERS, Chief Justice.

This is a circumstantial evidence case. After finding appellant guilty of felony theft the jury assessed punishment at ten years confinement in the Texas Department of Corrections and a fine of $5,000.00. Appellant appeals.

We affirm.

Appellant brings one ground of error asserting "the evidence adduced at the trial was insufficient to support a conviction." The State in its case in chief had two witnesses, James Morris (the owner of the M & M Service Station and the money alleged to have been stolen at said station in Lindale, Texas), and Danny Alexander the Lindale policeman who investigated the theft. The testimony as given by Morris can be summarized as follows: The day in question, December 8, 1980, was a cold and rainy day.

The appellant stopped by the gas station around noon, and in response to his inquiry was given directions by Morris to the Norman Tire Place located about ½ mile down the road. Shortly thereafter appellant returned to the gas station, told Morris that Norman's was closed for lunch, bought a coke and remained in the station office for about an hour. Morris testified that at about 4:30 p.m. (immediately after he completed a count of his day's receipts and placed same in a drawer below the cash register in the station office), the appellant drove up to the gas pumps at the station and asked for $5.00 worth of gasoline and an oil check. While Morris serviced the car appellant went into the station office where the money was kept. Morris filled the tank with $5.00 worth of gas but no oil was needed. Since no one else was in the office, Morris attempted to keep his eyes on appellant at all times. The office had a plate glass window that extended across the front of the office and down to within 18 inches of the ground. During the time Morris was servicing appellant's car and watching appellant he was twelve to fifteen feet away. Appellant then paid Morris for the gas and left the station. As appellant drove off, Morris serviced another customer (Mr. Chastain), who remained in his car until it was time to pay his bill. Mr. Chastain then went with Morris into the office whereupon Morris immediately noticed that the money (amounting to approximately $450.00) which he had placed in the drawer below his cash register was gone. Morris further testified that during the short period of time he was servicing Chastain's truck he continued to keep an eye on the office and no one entered the office; that he had not given appellant or anyone else permission to take such money.

Alexander, a police officer for the city of Lindale, testified that he was involved in the investigation of this case and identified appellant as the man he arrested. Moreover, Alexander testified that on December 8, 1980, the day in question, Norman Tire Company was *not* closed during lunchtime as appellant had purportedly told Morris. At the close of such evidence the State rested its case and appellant made his motion for an instructed verdict of not guilty contending that the State had wholly failed to prove its case and that the State had not ruled out every possibility of theft that could have possibly occurred on that date and thus the evidence is insufficient. The court overruled such motion. The defense then waived its right to make an opening statement and rested without calling any witnesses.

The case was submitted to the jury with an instruction on circumstantial evidence. It is appellant's contention that the proof and evidence adduced at trial amounted to only a strong suspicion or mere probability, and that every other reasonable hypothesis that another person could have taken the money was not ruled out. Appellant contends that his mere presence at the scene of an offense is not sufficient to obtain a conviction based on circumstantial evidence.

A conviction based on circumstantial evidence must exclude every other reasonable hypothesis except the guilt of the accused. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983); *Carlsen v. State,* 654 S.W.2d 444 (Tex.Cr.App.1983); *Moore v. State,* 640 S.W.2d 300 (Tex.Cr.App.1982); *Autry v. State,* 626 S.W.2d 758 (Tex.Crim. App.1982); *Flores v. State,* 551 S.W.2d 364 (Tex.Cr.App.1977). It is not required that the circumstances should, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis is a reasonable one consistent with the circumstances and facts proved. *Carlsen, Moore, Autry,* and *Flores,* all *supra.* Each fact need not point directly and independently to the guilt of the accused, as the cumulative effect of all the incriminating facts may be sufficient to support the evidence. *Carlsen, supra, Stogsdill v. State,* 552 S.W.2d 481 (Tex.Cr.App.1977); *Flores, supra.* However, proof which amounts only to a strong suspicion or mere probability is insufficient.

In most cases the evidence is examined in the light most favorable to the verdict. However, in reviewing a circumstantial evidence conviction we do not use that standard. Instead, as was stated in *Culmore v. State,* 447 S.W.2d 915, 916 (Tex.Cr.App. 1969), and reaffirmed in *Wilson* and *Carlsen,* both *supra,* the following test is applied:

> In ascertaining whether the guilt of the accused has been established to a moral certainty, [we] will review the evidence in light of the presumption that the accused is innocent. [We] will not presume any acts against the accused that are not shown to have been committed by him. Furthermore, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged.

Moreover, in determining whether incriminating circumstances are sufficient, each case must be tested on its own facts. *Flores,* supra.

We find the evidence is sufficient to sustain a conviction based on circumstantial evidence. There is no other reasonable hypothesis in this case except that of the defendant's guilt. Appellant's ground is overruled.

Judgment is affirmed.