Joseph Richard BARRON, Appellant,

v.

STATE of Texas, Appellee.

No. B14–81–725CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 10, 1983.

Discretionary Review Refused
April 14, 1984.

Ken McLean, Houston, for appellant.

William Meitzen, Richmond, for appellee.

Before PAUL PRESSLER, ROBERT-SON and CANNON, JJ.

OPINION

ROBERTSON, Justice.

After entering a plea of not guilty, a jury found appellant guilty of attempted murder and assessed punishment at twenty years confinement and in addition, a fine of $10,-000.00. Appellant asserts three grounds of error concerning the sufficiency of the circumstantial evidence used to convict him, failure to dismiss for want of a speedy trial, and the admissibility of evidence.

In his first ground of error, appellant asserts the insufficiency of the circumstantial evidence used to convict him because "it does not exclude every other reasonable hypothesis except that of the guilt of the accused." Summarizing the evidence we find: (1) Witness Rain observed a blue Camaro or Firebird with license number TEW 623 or 628 at Highway 59 and Sugar Creek; he observed a hand come out of the driver's window with a gun and then witnessed three shots being fired in the direction of the complainant William Gholson; Rain, less than one hour later identified a car abandoned off Oilfield Road as the same blue Camaro or Firebird he had observed at Sugar Creek and Highway 59. (2) Complainant Gholson testified to being at the Sugar Creek and Highway 59 intersection and observing a blue or green Camaro or Firebird behind him with a Mexican driver and Anglo passenger; the next thing Gholson knew he was being fired at and was struck by three bullets. (3) Deputy Sheriff Lux testified that on the afternoon of March 18, 1980, he received a radio broadcast indicating that he should look for a blue Camaro or Firebird southbound on Highway 59. Three to four minutes later he spotted the car, turned on his patrol lights and when the vehicle sped away, he pursued at a high rate of speed. Deputy Lux testified that the driver appeared to be of a dark complexion. The chase continued on Highway 6 to Oilfield Road and to Thompson Ferry Road where the road dead ends. At this point the car was found unoccupied. (4) Lieutenant Bock testified that fingerprints found on a National Airline ticket envelope, recovered from the

blue Camaro, license number TEN 628, matched appellant's fingerprints. (5) Sergeant Garrett testified that on March 18, 1980 at approximately 5:00 p.m. he received a request to proceed with man-tracking dogs to the area off Oilfield Road near the Brazos River where a blue Camaro had been found. In the vicinity soon thereafter an Anglo was discovered hiding under some brush. Subsequently, Garrett observed a set of foot prints on the Brazos River shore line going back up the river towards the northwest. (6) The same evening at approximately 10:45 p.m., near the Devalt Store (about two miles from the abandoned Camaro), Deputy Sheriff Sanford observed a Mexican male running towards him with wet, muddy shoes, torn wet pants, and a scratched upper torso with no shirt. In the courtroom he identified the Mexican male as the appellant Joseph Barron.

Appellant relies on *Flores v. State*, 551 S.W.2d 364 (Tex.Crim.App.1977) and *Stogsdill v. State*, 552 S.W.2d 481 (Tex.Crim. App.1977) in arguing that as in these cases here the evidence "amounts only to a strong suspicion or mere probability that the accused fired the shots." We disagree. In *Flores* and *Stogsdill*, the appellant was never placed at or near the scene of the crime. As detailed above, a man matching appellant's description was placed at the scene of the attempted murder. Appellant has not put forth any other reasonable hypothesis as to how the crime might have occurred and this court has found none.

■ We are mindful of the fact that the accused is presumed innocent but are convinced that the circumstantial evidence adduced at trial proving appellant's guilt is incompatible with that presumption of innocence. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). The wealth of circumstantial evidence adduced at trial excluded every reasonable hypothesis except that of the guilt of appellant. Appellant's first ground of error is overruled.

Appellant's second ground of error attacks the trial court's failure to grant his motion to dismiss for want of a speedy trial. Appellant filed this motion to dismiss on October 20, 1980, one day before the trial. By agreement of the court and parties, the motion was not actually ruled upon until November 7, 1980 after the jury trial and a finding of guilty. While we seriously question the propriety of the above procedure, since the record shows the hearing on the motion at the appropriate time was delayed at the specific request of the trial court, we will consider appellant's contention.

■ Appellant was arrested and jailed on March 18, 1980. Thus, the state was required to announce or show itself ready for trial sometime during the period of March 18, 1980 through July 18, 1980. Prosecutor Sloan testified in the "Hearing on Motion to Dismiss for Want of a Speedy Trial" that the state announced ready for trial on April 17, 1980 at appellant's arraignment, and on June 6, 1980 at a hearing on Ms. Doughtie's (one of appellant's attorneys) motion to withdraw and again on June 26, 1980. Once the prosecutor testified as to the state's readiness for trial within the 120 day period, the burden shifted to appellant to rebut the presumption of the state's readiness. This the appellant failed to do. Ground of error number two is overruled.

■ In his third ground of error, appellant contends that the trial court committed reversible error by admitting into evidence "an envelope with appellant's fingerprint thereon." The evidence in question was obtained from the blue Camaro, license number TEN 628 which was found off Oilfield Road, unoccupied, in a ditch area with two car doors open.

At the hearing on appellant's motion to suppress, the prosecutor argued that appellant's Fourth Amendment rights terminated when the vehicle was abandoned. We accept this argument and believe this case to be controlled by *U.S. v. Edwards*, 441 F.2d 749, 751 (5th Cir.1971).

Defendant's right to Fourth Amendment protection came to an end when he abandoned his car to the police, on a public

highway, with engine running, keys in the ignition, lights on, and fled on foot. At that point defendant could have no reasonable expectation of privacy with respect to his automobile.

With respect to appellant's contention that any abandonment was involuntary the court stated in *Edwards* at 753 "[T]he circumstances here were not sufficiently compelling to make involuntary the choice to abandon his car to the pursuing officer. Having done so, Edwards accepted the risk that the officer would search the car, thus losing his right to constitutional protection." Having concluded that appellant gave up any expectation of privacy he may have had in the vehicle when he abandoned it, ground of error number three is overruled.

The trial court's judgment is affirmed.