John T. LANIER and Rodney Lanier, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 13–91–053–CR, 13–91–054–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 19, 1991.

Sam R. Fugate, Fugate & Hitchens, Kingsville, for appellant.

Pete De La Garza, County Atty., Kingsville, for appellee.

Before GILBERTO HINOJOSA, DORSEY, and BISSETT, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Late one night on Baffin Bay, Warden McFall observed a boat travelling without any lights. He started his boat, followed the unlighted boat, and eventually confronted two individuals, Rodney and John Lanier. Inside the Laniers' boat was a large number of black drum and sheepshead. These fish had marks on their bodies behind the gills, suggesting that they had been caught with a gill net. Few, if any, of the fish had marks in their mouths indicating they were caught with a hook. A citation was issued and the Laniers were charged with illegal netting.

The Laniers demanded a jury trial in the Kleberg County Court at Law. The jury found them guilty of illegal netting and assessed a $250.00 fine. By one point of error, they challenge the jury's finding of guilt. They argue that the evidence raised a reasonable hypothesis consistent with innocence, that the fish were caught in a tangled trotline, and not a gill net. *See Wilson v. State*, 654 S.W.2d 465, 467 (Tex. Crim.App.1983).

We measure the sufficiency of the evidence by the standard of review for criminal cases, which is whether any rational trier of fact, viewing all the evidence in the light most favorable to the verdict, could have found all the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991); *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim.App.1981). In addition, in circumstantial evidence cases, this Court must determine whether the evidence, viewed in the light most favorable to the verdict, supports the existence of an "outstanding reasonable hypothesis inconsistent with the guilt of the accused." *Geesa*, 820 S.W.2d at 159. The *Geesa* Court recognized that in certain circumstances, this "effectively places the reviewing court in the posture of a 'thirteenth juror'." *Id.* However, in theory, no rational jury would convict if the evidence, viewed in the light most favorable to the State, reasonably indicates that the accused is innocent.

Like the Court of Criminal Appeals in *Geesa*, we recognize the difficult posture in which the "outstanding reasonable hypothesis analysis" places an appellate court; however, we are able to resolve the instant case because the evidence, viewed in the light most favorable to the verdict, does indeed negate appellant's proposed "reasonable hypothesis inconsistent with the guilt of the accused."

The evidence showed that all of the fish the Laniers possessed exhibited the characteristic marks of fish caught in a gill net. They had few, if any, holes in their mouths, their anuses were protruding,[1] and there were marks behind the gills. A large number of fish were caught, approximately 90 pounds. The Laniers did not have a tangled trotline in their possession, they did not offer to take the warden to the trotline, and they did not produce one at trial. They were running the boat at night without running lights. From this the jury could infer that they did not wish to be seen, and that they were on a furtive mission.

The evidence that the fish had characteristic marks on their sides caused by a gill net, combined with the lack of evidence of hook marks in the fishes' mouths, viewed in the light most favorable to the verdict, is sufficient to sustain the conviction. The outstanding hypothesis of innocence is not reasonable because if the marks on the fish were caused by a tangled trotline they would also have hook marks in their mouths. We hold that a rational jury could have found appellants' proposed alternative hypothesis unreasonable or unbelievable.

Appellants' convictions are affirmed.

---

1. This is caused by the fishes' struggle in the net.