Kenneth Reed SMITH, Appellant,

v.

The STATE of Texas, State.

No. 2–90–188–CR.

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1992.

Discretionary Review Refused April 1, 1992.

*Rivera, supra* at 769 n. 2.

Rickard & Ware, Michael Logan Ware, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and C. Chris Marshall, Charles M. Mallin, Mike Parrish, and Kimberly Kaufman, Assts., Fort Worth, for state.

Before FARRIS, MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Kenneth Reed Smith, appeals from a conviction by the jury of capital murder. *See* TEX.PENAL CODE ANN. § 19.-03(a)(2) (Vernon 1989). Punishment was assessed by the jury at life imprisonment.

We affirm.

On September 15, 1989, Smith abducted A.L.T. on her way to school and forcibly transported her to a wooded area adjacent to Lake Arlington. Smith then raped A.L.T. and choked her to death with his hands and with a tennis shoe lace around her neck that was tied to the end of a tree.

In his sole point of error Smith contends there was insufficient evidence to show he acted with the requisite culpable mental state at the time he committed the act that killed the victim. The issue before this court is whether a reasonable trier of fact could have found sufficient evidence that Smith specifically intended to kill A.L.T.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

Smith contends that in the written statement he gave on the evening following his arrest there is no direct evidence that he intended to kill the victim. In pertinent part, the statement reads:

> When we got to the lake, she said what is in this bag? It was some more crack. She asked me what you gonna do with that? I sat and broke it up and smoked it. She thought it was some kind of strange pipe or something. We sit there, till it was all gone with the windows up,

then she started hollering her heart, she can't take it, she's going crazy. I said come on and took her to walk in the bushes with me. I had a joint and I smoked some of it. My head was hurting and it felt like my heart would explode at any minute. The next thing I knew I was on top of her screwing her. I had my pants just pulled down and her shorts pulled to the side. Then she died by me choking her. She died in my hands. She wouldn't breathe no more. I got a piece of rope from on top of her clothes and wrapped it around her neck, tied it around something. I sit there for awhile. She wouldn't breathe. I begged her to breathe but she wouldn't.

Smith argues there is no direct evidence in this statement that he intended to kill A.L.T. Instead he asserts that one reasonable hypothesis raised by the evidence is that his actions in choking her were undertaken to incapacitate her in order to more easily facilitate the sexual assault. And further, that in a circumstantial evidence case the State must negate all outstanding reasonable hypotheses of innocence. Since this was not done, an outstanding reasonable hypothesis of innocence remains, requiring reversal and acquittal. Since this case was tried before the court of criminal appeals holding in *Geesa*, we will consider this point. *Geesa v. State*, 820 S.W.2d 154 (1991) (as corrected Nov. 26, 1991).

■ If the accused admits or confesses killing the deceased, proof of the admission or confession is direct evidence of the main inculpatory fact and a charge on circumstantial evidence is not required. *Barefoot v. State*, 596 S.W.2d 875, 880 (Tex.Crim.App.1980), *cert. denied*, 453 U.S. 913, 101 S.Ct. 3146, 69 L.Ed.2d 996 (1981). Smith's admission "[t]hen she died by me choking her," constitutes direct evidence of his guilt. *See id.* Since there was direct evidence of his guilt, we will not employ the "exclusion of every other reasonable hypothesis" standard for sufficiency of the evidence.

■ The issue before this court then becomes whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Bonham,* 680 S.W.2d at 819; *Wilson,* 654 S.W.2d at 471. We find that they could.

■ Smith abducted A.L.T. while she was walking to school, and forced her to a secluded area of Lake Arlington. Both Nathan Prather and Berniece Erwin saw Smith beating on A.L.T. and driving recklessly. In his statement, Smith admitted to choking, raping, beating, and tying a shoe string around the neck of A.L.T.

Dr. Charles M. Harvey, Deputy Medical Examiner for the Tarrant County Medical Examiner's Office, testified that the strangulation process which caused the death of A.L.T. took anywhere from ten to twenty minutes. She would have been conscious for the first five to six minutes and it would have taken another four to fourteen minutes to cause her death. Dr. Harvey concluded that A.L.T. was choked to death with the shoe string around her neck, tightened by pulling her body away from the branches that anchored the noose. In order for death to occur, after A.L.T. became unconscious Smith had to apply constant pressure for another four to fourteen minutes to actually cause death. Smith would have had to intentionally move the body away from the point where he anchored the noose to activate the tightening mechanism.

We find under these facts a reasonable fact-finder could find specific intent to kill was established beyond a reasonable doubt. Smith's point of error is overruled.

Judgment affirmed.