**Felipe De La Rosa PEREZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–230–CR.**

Court of Appeals of Texas, Corpus Christi.

May 30, 1985.

Nelson R. Sharpe, Kingsville, for appellant.

Pat Wolter, Dist. Atty.'s Office, Corpus Christi, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a conviction by a jury of attempted burglary. The appellant plead true to the enhancement allegations

---

**5.** *See Runnymede v. Metroplex Plaza, Inc.,* 543 S.W.2d 4, 5 (Tex.Civ.App.—Dallas 1976, writ ref'd).

asserted in the indictment and was sentenced by the trial court to twenty-five years in the Texas Department of Corrections.

Appellant raises three grounds of error on appeal. He asserts that the evidence is insufficient to support the factual allegation set forth in the indictment that he used a metal rod to pry out and remove an air conditioning unit to gain entry; that the evidence failed to establish an act which amounted to more than mere preparation that tended but failed to effect the commission of the offense; and that the evidence as a whole was insufficient to support a conviction. The state has not favored us with a brief in reply to appellant's grounds of error.

The indictment alleged, in part, that the appellant:

> on or about the 22nd day of February A.D. 1984, and before the presentment of this indictment, in the County and State aforesaid, did then and there unlawfully with the specific intent to commit burglary, attempt to enter a building without the effective consent of Jacob Perez, Jr., the owner, and with the intent to commit theft by doing the act of using a metal rod to pry out and remove an air conditioning unit to gain entry, an act which amounted to more than mere preparation that tended but failed to effect the commission of said offense;

Appellant's first ground of error is that there is a fatal variance between the overt acts alleged in the indictment and the evidence. The indictment alleged that the defendant, intended to commit burglary "... by doing the act of using a metal rod *to pry out and remove* an air conditioning unit to gain entry, ... an act which amounted to more than mere preparation that tended but failed to effect the commission of said offense." [Emphasis Added.] The appellant argues that as there was no evidence that the air conditioning unit was pried out and removed, a fatal variance exists and the conviction cannot stand.

■ The elements of a criminal attempt are: 1) a person 2) with specific

intent to commit an offense (burglary) 3) does an act amounting to more than mere preparation 4) that tends but fails to effect the commission of the offense intended. *Windham v. State*, 638 S.W.2d 486 (Tex.Crim.App.1982). The instant indictment properly alleges all elements of the offense. After reciting the "act" (using a metal rod to pry out and remove an air conditioning unit), the indictment also stated that the act amounted to more than mere preparation that tended but failed to effect the commission of the offense.

The words "to pry out and remove" are merely statements of purpose or intention; that is, to explain why the appellant was using the metal rod.

The case cited by appellant is distinguishable. In *Windham v. State*, supra, an attempted murder case, the indictment alleged the act that amounted to more than mere preparation to be "shooting at her with a gun"; as there was no evidence of the gun discharging, there was a fatal variance between allegation and proof. In the instant case, there is no dispute that the appellant was using a metal rod and was prying on the bracket of an air conditioner unit when spotted by the police officer.

Appellant's first ground of error is overruled.

■ Appellant's second and third grounds of error concern the sufficiency of the evidence to support the conviction. The standard for review in both direct and circumstantial evidence cases is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455 (Tex.Crim.App.1984); *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983). In circumstantial evidence cases, if the evidence supports an inference other than the guilt of the defendant, a finding of guilt beyond a reasonable doubt is not a rational finding. *Wilson*, 654 S.W.2d at 472 (opinion on State's motion for rehearing).

The evidence was that on February 22, 1984, Arnold Acunia, while on patrol for the Kingsville Police Department, was dis-

patched to a building that housed a liquor store. Officer Acunia testified that he noticed a man standing at the corner of the building, using a "long metal type" rod to pry on some brackets that supported an air conditioning unit that was built into the rear wall of the building. Acunia claimed that the man, who he later identified as appellant (Perez), was standing about 50 yards from him when he made his observations. According to Acunia, Perez stopped what he was doing when a police backup unit arrived at the front of the store. Acunia ordered appellant to stop as he walked toward him and past him at a fast pace. The officer testified that he hit Perez on the shoulder with a flashlight, whereupon he began to run. Officer Acunia caught appellant at one point, but he slipped out of his shirt and jacket during the pursuit and got away. The jacket, which was retrieved by police, contained medicine bottles which bore appellant's name and led to his later apprehension. A bed rail and a wooden stick that were recovered at the scene had paint marks that matched the paint on the building.

It is undisputed that the air conditioning unit was never actually removed from the wall and the distance from the ground to the unit was five to six feet. There was no ladder or box near the scene to aid defendant in his entry nor was appellant carrying a bag or sack. No evidence was introduced that the air conditioner could have been removed by the defendant if he had not been interrupted by the police, nor was there evidence that entry could have been effectuated had the air conditioner been removed. Jacob Perez, owner of the liquor store, testified that he did not give anyone permission to enter the liquor store or to pry on the air conditioning unit. The liquor store had two doors and several windows through which entry could be accomplished.

In order to convict appellant of attempted burglary, the State had to prove, beyond a reasonable doubt, that the appellant, with the requisite intent, performed an act amounting to more than mere preparation in order to obtain entry into the liquor store, which tended, but failed to effect the commission of a burglary. *Flournoy v. State*, 668 S.W.2d 380 (Tex.Crim.App.1984).

In applying the foregoing standard of review in making our determination on the sufficiency of the evidence, we must follow the dictates of the Texas Court of Criminal Appeals in *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim.App.1983), in which the Court wrote:

It follows that circumstantial evidence should not be tested by an ultimate "standard for review" different from direct evidence; the standard in both kinds of cases is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Accord *Griffin v. State*, 614 S.W.2d 155 (Tex.Cr.App.1981).

Still, we are unable to devise or discover any reason, compelling or otherwise, for abandoning the utilitarian "exclusion of outstanding reasonable hypotheses" analysis for applying the above "standard for review" in circumstantial evidence cases. By the nature of circumstantial evidence, in order to determine it rationally establishes guilt beyond a reasonable doubt, a process of elimination must be used. Illustrative is *Taylor v. State*, 653 S.W.2d 295 (Tex.Cr.App.1983). We there cited the Jackson "standard of review;" in actually assessing the evidence, no method other than a process of eliminating the guilt of others under the evidence could be fashioned to effectively conclude the evidence rationally established Taylor's guilt beyond a reasonable doubt. See also *Girard v. State*, 631 S.W.2d 162 (Tex.Cr.App.1982). Stated in the converse, if the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding.

\* \* \* \* \* \*

Finally, as the motions for rehearing persuasively argue, this Court's opinions have never held the circumstantial evidence analysis constitutes a different

standard for review from that to be ultimately applied in direct evidence cases. If the State's evidence supports an inference other than a finding of the essential elements of the crime, then no trier of fact could rationally find the accused guilty beyond a reasonable doubt and this is true irrespective of the character of the evidence.

\* \* \* \* \* \*

*Wilson v. State,* 654 S.W.2d at 472. Therefore, before we can make a final determination on the sufficiency of the evidence, we must decide whether the State excluded every reasonable hypothesis except that of the guilt of the appellant.

The evidence that supports the jury's verdict was the defendant's prying on brackets that attached an air conditioning unit to the building, the building being closed to the public at the time, and the defendant's flight when approached by the police officer. From these actions, in order to convict, the jury must make three inferences: 1) that the defendant was removing the air conditioner, 2) in order to gain entry, 3) in order to commit theft.

Looking to the evidence adduced at trial, we hold that every reasonable hypothesis except the guilt of appellant of the crime charged has not been excluded by the evidence. There is no evidence in the record to establish, beyond a reasonable doubt, that appellant was attempting to enter the building. Other reasonable hypotheses are that appellant was engaged in an act of vandalism by bending or breaking the brackets of the air conditioner or was attempting to steal the air conditioning unit. Officer Acunia testified that he categorized the crime in his offense report as vandalism. Standing alone, without other evidence, the act of bending the brackets that connected the air conditioner to the outer wall of the building is not sufficient to show that there was an attempt to effectuate an intrusion into the building in order to commit theft. Appellant's second and third grounds of error are sustained and appellant's conviction is REVERSED and an ACQUITTAL ORDERED.

KENNEDY, Justice, dissenting.

I respectfully dissent from the portion of the majority opinion which holds that there is no evidence to establish beyond a reasonable doubt that appellant was attempting to enter the building since every other reasonable hypothesis had not been excluded. The reasoning to support this holding by the majority is that appellant, though caught in the act of doing something unlawful, could just as reasonably have been attempting to vandalize the building or even to have been in the process of stealing an air-conditioner as to have been attempting burglary.

The majority cite *Wilson v. State,* 654 S.W.2d 465 (Tex.Crim.App.1983). This was a case where, as in most circumstantial evidence cases I am aware of, appellant was either guilty of the crime charged or he was not guilty of any crime at all. In the instant case, it is beyond dispute that appellant was attempting some unlawful act. The majority reasoning, carried to conclusion, would hold that when a miscreant is interrupted in his criminal activity at a point where it is impossible, short of an evidentiary windfall such as a confession, to determine if the conclusion of his activity would have resulted in Crime A, Crime B, or Crime C, then the circumstantial evidence of his intent will always fall short.

Although, it was testified that a man appellant's size could carry the air-conditioner, common knowledge tells us that it is difficult for a single person to carry such an appliance for a very long distance. And if appellant had vandalism in mind, he was passing up several golden opportunities in the glass windows and doors of the building in order to vent his feelings on the support beams of the air-conditioner.

I would hold that from all of the evidence the jury could reasonable deduce that appellant was attempting to enter the building. Otherwise, in any interrupted burglary it would be impossible to prove that the person apprehended was attempting to enter the building.

I agree with the majority holding with regard to the remaining grounds of error and I would affirm the conviction.