Michael Christopher **EPPS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–90–01016–CR.

Court of Appeals of Texas, Dallas.

June 11, 1991.

Michael Louis Strasser, Wylie, for appellant.

J. Bryan Clayton, McKinney, for appellee.

Before STEWART, THOMAS and MALONEY, JJ.

## OPINION

THOMAS, Justice.

Michael Christopher Epps appeals his conviction of attempted burglary of a habitation. Following a jury verdict of guilty, the trial court assessed punishment, enhanced by two prior convictions, at forty-five years' confinement. In eight points of error, Epps generally complains that the trial court erred in: (a) failing to grant his motion to quash the indictment; (b) admitting the photographic line-up into evidence; (c) failing to grant his motion for an instructed verdict; and (d) failing to instruct the jury on the lesser included offense of attempted criminal mischief. We disagree. Accordingly, the trial court's judgment is affirmed.

## FACTUAL BACKGROUND

On a windy afternoon at about 2:00 p.m., Jay Dolfuss was in his home reading the newspaper when he heard "sort of a ripping, tearing noise." Thinking that the wind had blown down the fence, Dolfuss went to his patio window where he observed the patio window screen leaning against the house. At this same time, he saw a man, whom he later identified as Epps, standing outside the window holding a brick in his right hand "about to come down." When Dolfuss yelled, Epps dropped the brick and ran around to the back of the house. Dolfuss went to the garage, where he could see the driveway area through the garage door windows. Epps, driving a black sports car, backed the car out of the driveway and entered the alley behind a wooden fence. Dolfuss then observed either oil or transmission fluid on the driveway. Approximately one minute later, Epps drove by the driveway and down the alley, waving at Dolfuss as he left. At that point, Dolfuss called the police to report that "somebody had tried to break in." Dolfuss described Epps as a white male, gave a description of the car as a black sports car, which he thought was a Trans Am, and further said that he assumed that the man had driven west toward Voss Avenue.

Shortly after 2:00 p.m., Dallas Police Officer Charles A. Still received a description of a vehicle involved in a burglary or attempted burglary. Two or three minutes later, Officer Still, while driving north on Voss Avenue, saw a black Camaro being driven by a white male exit an alley on a side street less than a mile from Dolfuss' house. Because the car matched the described vehicle, Officer Still turned around and followed the car. When Officer Still activated his emergency lights, the vehicle promptly stopped. Epps, the driver of the vehicle, was arrested and taken to a police facility. During this encounter, Officer Still noticed that Epps' car was leaking antifreeze.

## SUFFICIENCY OF THE EVIDENCE

In points four through seven, Epps complains that the trial court erred in overruling his motion for an instructed verdict because the evidence is insufficient to: (a) identify him as the person who was actually on the property; (b) establish his intent to commit the acts alleged; (c) establish an act on his part that amounted to more than

mere preparation which tended but failed to effect the commission of the offense allegedly intended; and (d) establish the specific act alleged in the indictment, *i.e.*, that he removed a window screen. The State argues that the evidence clearly supports each of these findings.

### A. *Standard of Review*

A challenge to the trial court's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence to support the conviction. *Madden v. State*, 799 S.W.2d 683, 686 (Tex. Crim.App.1990). In considering the sufficiency of the evidence, this Court's inquiry is limited to determining whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 27, 61 L.Ed.2d 560 (1979); *Girard v. State*, 631 S.W.2d 162, 163 (Tex.Crim.App. 1982). The factfinder's verdict must stand unless it is found to be irrational or unsupported by more than a "mere modicum" of the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If the evidence is sufficient to sustain the conviction, then the trial court did not err in overruling the motion for directed verdict. *Madden*, 799 S.W.2d at 686.

### B. *Analysis*

■ In the fourth point, Epps contends that the evidence is insufficient to identify him as the person who was actually on Dolfuss' property. Although Dolfuss did not make an in-court identification of Epps, Dolfuss identified at trial the photograph he had chosen from the line-up about one hour after the incident.[1] Police testimony established that the Michael Epps pictured in State's exhibit two, the photograph chosen by Dolfuss, was the same man whom

Officer Still had arrested shortly after the incident. Further police testimony confirmed that the Michael Epps depicted in State's exhibit two was the same Michael Epps as the defendant in the courtroom. Additionally, Dolfuss testified that he observed oil or transmission fluid on his driveway after Epps fled the scene. Officer Still stated that, at the time of the arrest, he noticed that Epps' car was leaking antifreeze. We conclude that there is sufficient evidence from which a rational factfinder could have found beyond a reasonable doubt that Epps was the intruder on Dolfuss' property as alleged in the indictment. The fourth point is overruled.

■ In the seventh point,[2] Epps argues that the evidence is insufficient to establish that he removed a window screen. Dolfuss testified that he heard a ripping, tearing sound immediately before he saw Epps at the patio window holding a brick. Dolfuss stated that the screen was leaning against the house, that he had not removed the screen, and further that the wind had never blown down a screen. We hold that, from this evidence, a rational factfinder could have found beyond a reasonable doubt that Epps removed the screen from the window on Dolfuss' house. The seventh point is overruled.

■ In the fifth point, Epps complains that the evidence is insufficient to establish his intent to commit the alleged acts. Specifically, he argues that the mere fact that Dolfuss saw an intruder with a brick in his hand does not exclude every reasonable hypothesis as to what the intruder intended. He asserts that the intruder may have intended to engage in criminal mischief by vandalizing the property with the brick. In support of this contention, Epps relies on *Perez v. State*, 695 S.W.2d 51 (Tex.App.— Corpus Christi 1985, no pet.) (per curiam). In *Perez*, the appellant was charged with attempted burglary for using a "long metal

---

1. Although Epps challenges the admissibility of the photographic line-up in his third point, we must consider *all* the evidence regardless of whether it was properly admitted in determining the sufficiency of the evidence. *Henson v. State*, 794 S.W.2d 385, 388 (Tex.App.—Dallas 1990, pet. ref'd).

2. The seventh point is discussed out of order because our determination of this point is relevant to the discussion of points five and six.

type" rod to pry brackets that supported an air conditioning unit built into the rear wall of a building. *Perez*, 695 S.W.2d at 53. In reversing the conviction and ordering an acquittal, the court stated:

There is no evidence in the record to establish, beyond a reasonable doubt, that [the] appellant was attempting to enter the building. Other reasonable hypotheses are that [the] appellant was engaged in an act of vandalism by bending or breaking the brackets of the air conditioner or was attempting to steal the air conditioning unit. Officer Acumia testified that he categorized the crime in his offense report as vandalism. Standing alone, without other evidence, the act of bending the brackets that connected the air conditioner to the outer wall of a building is not sufficient to show that there was an attempt to effectuate an intrusion into the building in order to commit theft.

*Perez*, 695 S.W.2d at 54. We hold that *Perez* is distinguishable from the present case. Here, there is evidence from which a rational trier of fact could have concluded that Epps was attempting to enter Dolfuss' house. As stated previously, there is sufficient evidence to show that Epps removed the screen from the window. Further, immediately after hearing a noise, Dolfuss observed Epps about to throw a brick through the window from which he had removed the screen.

Additionally, to the extent that *Perez* is not distinguishable from the case at bar, we decline to follow it and adopt instead the arguments set forth in the dissenting opinion, which states:

The majority reasoning, carried to conclusion, would hold that when a miscreant is interrupted in his criminal activity at a point where it is impossible, short of an evidentiary windfall such as a confession, to determine if the conclusion of his activity would have resulted in Crime A, Crime B, or Crime C, then the circumstantial evidence of his intent will always fall short.

\*      \*      \*      \*      \*      \*

I would hold that from all of the evidence the jury could reasonabl[y] deduce that [the] appellant was attempting to enter the building. Otherwise, in any interrupted burglary it would be impossible to prove that the person apprehended was attempting to enter the building.

*Perez*, 695 S.W.2d at 54 (Kennedy, J., dissenting).

In further support of his contention that the State failed to prove that he did not intend to merely vandalize Dolfuss' habitation, Epps cites *Urtado v. State*, 605 S.W.2d 907 (Tex.Crim.App. [Panel Op.] 1980). In *Urtado*, an attempted burglary of a habitation case, the appellant was observed making a "cutting-type motion" across the top of a window screen while two females stood nearby watching him. The evidence established that there was a ten to twelve inch cut across the top of the window. *Urtado*, 605 S.W.2d at 908–09. Testimony from the females indicated that one of them, not the appellant, had cut the screen and that the appellant ran his finger over the cut in order to examine the damage. No witness saw the appellant with a knife or other tool with which he could have cut the window screen. The court reversed the conviction and remanded the cause to the trial court for entry of a judgment of acquittal, holding that the State's evidence "wholly failed to exclude every reasonable hypothesis other than that the screen was intruded as a result of conduct by [the] appellant...." *Urtado*, 605 S.W.2d at 910. Based upon the evidence previously discussed, we conclude that *Urtado* is inapplicable to our case. After viewing the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that Epps acted with the specific intent to commit the offense of burglary of a habitation rather than vandalism. The fifth point is overruled.

■ In point six, Epps asserts that the evidence is insufficient because the testimony that the intruder held a brick in his hand cannot be viewed as an act amounting to more than mere preparation since the

indictment pled removal of the screen. We disagree. An act amounting to more than mere preparation is an essential element of the attempted burglary. *See* TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1991). Here, the indictment specified removal of the screen, which act amounted to more than mere preparation. Thus, the State was required to prove that Epps removed the window screen because this allegation described an essential element of the offense, albeit unnecessarily. *Cesares v. State*, 703 S.W.2d 246, 248 (Tex.App.—Corpus Christi 1985, pet. ref'd). As previously stated, there was sufficient evidence to prove beyond a reasonable doubt that Epps removed the screen. We conclude that the jury also could consider the evidence that Dolfuss saw Epps about to throw a brick through his patio window as an act that amounted to more than mere preparation although the State was not required to prove such act beyond a reasonable doubt in order to obtain a conviction. The sixth point is overruled.

## MOTION TO QUASH

In the first two points, Epps complains that the trial court erred in denying his motion to quash the indictment for its failure to provide him with adequate notice (point one) and to state an offense (point two). The indictment alleged in relevant part that Epps did:

> intentionally and knowingly, with the specific intent to commit the offense of burglary of a habitation of Jay Dolfuss, do an act, namely: removed a window screen, and said act amounted to more than mere preparation that tended but failed to effect the commission of the offense intended....

### A. *Failure to state an offense*

Initially, we must determine whether the indictment is sufficient to state an offense. An indictment is fundamentally defective if it fails to allege every element of an offense. *Oliver v. State*, 692 S.W.2d 712, 714 (Tex.Crim.App.1985). Since Epps was charged with the offense of criminal attempt, we look to section 15.01 of the Tex-

as Penal Code, which defines criminal attempt as follows:

> (a) A person commits an offense if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended.

TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1991). This definition of criminal attempt applies to all of the offenses defined in the Penal Code. Searcy & Patterson, Practice Commentary, TEX.PENAL CODE ANN. § 15.01 (Vernon 1974). Epps' indictment, by tracking the language of section 15.01(a), alleged each element of the offense of criminal attempt. The State was not required to allege the constituent elements of burglary of a habitation in order to state an offense. *See Young v. State*, 675 S.W.2d 770, 771 (Tex.Crim.App.1984) (an indictment for attempt is not fundamentally defective for failure to allege the constituent elements of the offense attempted). We conclude that the indictment was sufficient to state an offense. Thus, the trial court did not err in overruling the motion to quash on that basis. Accordingly, the second point is overruled.

### B. *Failure to give adequate notice*

We must next determine whether the indictment afforded Epps adequate notice of the charge against him. In the motion to quash, Epps argued that the indictment failed to afford him adequate notice of the charges against him because it failed to allege: (1) the owner of the habitation; (2) that he acted without the effective consent of the owner; (3) where or what a window screen was removed from; (4) that Epps attempted to commit an offense; and (5) what type of burglary of a habitation was involved or intended. Although on appeal Epps focuses on ground five, *i.e.*, that the indictment failed to allege which type of burglary was involved or intended, we will address each of the grounds asserted. An accused's right to notice of the accusations against him is premised upon constitutional principles. Both the United States and Texas Constitutions provide that, in all criminal prosecu-

tions, the accused shall have the right to be informed of the nature and cause of the accusation against him. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 20. The defendant is thus entitled to notice of the acts or omissions he is alleged to have committed, and lack of notice of such acts or omissions is a denial of fair notice of the charges against him. *Gorman v. State,* 634 S.W.2d 681, 684 (Tex.Crim.App.1982) (opin. on reh'g).

When considering a motion to quash, the question is whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *McManus v. State,* 591 S.W.2d 505, 515 (Tex.Crim.App.1979) (quoting *Haecker v. State,* 571 S.W.2d 920, 921 (Tex.Crim.App. 1978)). A motion to quash should be granted where the language in the indictment concerning the defendant's conduct is so vague or indefinite as to deny him effective notice of the acts he allegedly committed. *Daniels v. State,* 754 S.W.2d 214, 217 (Tex. Crim.App.1988). However, an indictment drafted in the language of the statute creating and defining an offense ordinarily is sufficient, but if the statutory language is not completely descriptive, then particularity is required to afford the defendant notice as required. *Daniels,* 754 S.W.2d at 218. Unless a fact is essential for notice to the accused, the indictment need not plead the evidence relied upon by the State. *See Daniels,* 754 S.W.2d at 219; *Beck v. State,* 682 S.W.2d 550, 554 (Tex.Crim.App.1985).

Epps first argues that the indictment failed to allege the owner of the habitation. The indictment states that Epps acted "with the specific intent to commit the offense of burglary of a *habitation of Jay Dolfuss.*" (Emphasis added.) It would be illogical to hold that this allegation was so vague or indefinite as to deny Epps effective notice of whose habitation he allegedly attempted to burglarize. Next, Epps urges that the indictment should be quashed because it failed to allege "where or what a window screen was removed from." Epps has failed to demonstrate how such factual omission was essential for notice or preju-

diced preparation of his defense. The State need not plead evidence not essential for notice. *Daniels,* 754 S.W.2d at 219. Further, a reading of the indictment as a whole leads to the conclusion that the window screen was removed from the habitation Epps allegedly attempted to burglarize. Epps also contended that the indictment should be quashed because it does not allege that he attempted to commit an offense. As previously stated, the indictment alleges all of the elements of attempt by tracking the language of section 15.-01(a) of the Texas Penal Code. It further specifies which offense Epps allegedly attempted to commit (burglary of a habitation) and what action on his part amounted to more than mere preparation that tended but failed to effect the commission of the offense (removing a window screen). We hold that the indictment sufficiently alleged that Epps attempted to commit an offense. *See Daniels,* 754 S.W.2d at 218; *Beck,* 682 S.W.2d at 554.

Finally, Epps argues that the indictment should be quashed because it failed to allege: (a) that he acted without the effective consent of the owner and (b) what type of burglary was involved or intended. *See* TEX.PENAL CODE ANN. § 30.02(a) (Vernon 1989). Because section 30.02(a) of the Texas Penal Code provides three ways in which the offense of burglary may be committed, Epps argues that the State had to allege the type or types of burglary attempted. We disagree. Epps seeks to have the State allege elements of the *underlying* offense of burglary. An indictment for an inchoate offense that fails to allege the constituent elements of the underlying offense is not subject to a motion to quash. *Young,* 675 S.W.2d at 771 (citing *Smith v. State,* 571 S.W.2d 168 (Tex.Crim.App.1978)). We overrule the first point because we conclude that the trial court did not err in denying Epps' motion to quash on the basis of failure to provide adequate notice.

## PHOTOGRAPHIC LINE–UP

In the third point, Epps complains that the trial court erred in admitting State's exhibits one through six (the photo-

graphic line-up) because the photographic line-up was impermissibly suggestive. Specifically, Epps asserts that he was the only subject wearing a jacket or a jacket and a red shirt. Evidence of a pretrial identification is inadmissible where the identification procedure used by police is so "unnecessarily suggestive as to present a very substantial likelihood of misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Jackson v. State*, 657 S.W.2d 123, 127 (Tex. Crim.App.1983). The determination of whether a pretrial identification is admissible is made by reviewing the totality of the circumstances. *Jackson*, 657 S.W.2d at 127.

Our record contains a copy of the photographic line-up. It is composed of six photographs of individuals similar in size, facial features, age, and hair color and style. The only dissimilarity about which Epps complains is that he is the only person in the array wearing a jacket or a jacket and a red shirt. While it might be better practice to use photographs which portray persons whose every feature matches the suspect's, that is not always practical, and neither due process nor common sense requires such a procedure. *Turner v. State*, 600 S.W.2d 927, 933 (Tex. Crim.App. [Panel Op.] 1980); *Ward v. State*, 474 S.W.2d 471, 477 (Tex.Crim.App. 1971). Subjects in a photographic array need not be identical. *See Bell v. State*, 724 S.W.2d 780, 798–99 (Tex.Crim.App. 1986) (the defendant was the only person in bright white pants, was the tallest, his number was underlined, and a triangle appeared over only his number); *Turner*, 600 S.W.2d 927 at 932 (the only two other individuals with a beard in the five-person line-up were not physically close to the defendant in size and hair color); *Ward*, 474 S.W.2d at 476 (the defendant's photograph was the only one depicting a person with an Afro hairstyle). We conclude that this photographic line-up was not "so unnecessarily suggestive and conducive to irreparable mistaken identification that he was denied due process of law." *Stovall v. Den-*

no, 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The third point is overruled.

### LESSER INCLUDED OFFENSE

In the final point, Epps complains that the trial court erred in failing to instruct the jury on the lesser included offense of attempted criminal mischief in an amount over $20 and under $200. In order to resolve this point, we must first determine whether criminal mischief is a lesser included offense of burglary of a habitation. Article 37.09 of the Texas Code of Criminal Procedure defines a lesser included offense as follows:

An offense is a lesser included offense if:

(1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

(3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

(4) it consists of an attempt to commit the offense charged or an otherwise included offense.

TEX.CODE CRIM.PROC.ANN. art. 37.09(1)–(4) (Vernon 1981).

A person commits the offense of burglary [3] if, without the effective consent of the owner, he enters or remains concealed in a habitation or a building with the intent to commit a felony or theft. *See* TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). Criminal mischief is defined as follows:

(a) A person commits an offense if, without the effective consent of the owner:

(1) he intentionally or knowingly damages or destroys the tangible property of the owner; or

(2) he intentionally or knowingly tampers with the tangible property of the

---

**3.** The primary offense charged was attempted burglary of a habitation.

owner and causes pecuniary loss or substantial inconvenience to the owner or a third party.

TEX.PENAL CODE ANN. § 28.03 (Vernon 1989).

A comparison of the elements of criminal mischief and burglary reveals that there is at least one element of criminal mischief that is not required to prove burglary. Criminal mischief requires the State to prove that the defendant either intentionally or knowingly damaged or destroyed the tangible property of the owner or that he intentionally or knowingly tampered with the tangible property of the owner and caused pecuniary loss or substantial inconvenience to the owner or a third party. Damage, destruction, and/or tampering with property of the owner or a third party is not an element required to prove the offense of burglary. Thus, the offense of criminal mischief is not a lesser included offense under subsections (1), (2), or (3) of article 37.09. *See Sample v. State*, 629 S.W.2d 86, 88 (Tex.App.—Dallas 1981, no pet.) (reckless damage or destruction is not a lesser included offense of burglary of a coin-operated machine). Further, attempted criminal mischief does not consist of an attempt to commit attempted burglary or an otherwise included offense. Thus, attempted criminal mischief is not a lesser included offense under subsection (4) of article 37.09. Since attempted criminal mischief is not a lesser included offense of attempted burglary of a habitation, the eighth point is overruled.

The trial court's judgment is affirmed.