Ronnie ROANE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–00936–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1998.

Blair Davis, San Antonio, for appellant.

Eric Kugler, Houston, for appellee.

Before LEE, AMIDEI and ANDERSON, JJ.

### OPINION

ANDERSON, Justice.

Ronnie Roane [Roane] appeals his conviction for attempted burglary of a habitation twice enhanced. After finding Roane guilty, the jury assessed punishment at twenty-five years confinement in the Texas Department of Criminal Justice. We affirm.

On appeal, Roane brings one point of error. He argues the evidence presented at trial was insufficient to support a conviction for the offense of attempted burglary of a habitation.[1] Specifically, Roane complains the evidence was insufficient to establish his intent to commit burglary of a habitation.

At trial, Deputy Valeria Perez [Perez] testified she was on patrol in a residential neighborhood when she received a call from dispatch to investigate a suspicious person at a nearby house. When Deputy Perez arrived at the residence she did not notice anything unusual at the front of the residence. Upon nearing the rear of the home, she heard a loud "chipping noise" which she believed to be consistent with someone hitting at glass. Behind the house she saw Roane chipping at a window with what was later found to be a knife. The screen from the window Roane was chipping at had been removed and was lying next to the brick siding of the house. After arresting Roane, Deputy Perez noticed he was wearing latex gloves. Deputy Perez further testified that the caulking along the window had been removed and that the window was cracked. The owner of the home testified he had never before seen or met Roane and had not given him permission to enter his home or backyard.

Attempted burglary is established by proving beyond a reasonable doubt, by either direct or circumstantial evidence, that with the requisite intent, the accused did an act amounting to more than mere preparation to enter the habitation of another. *See Flournoy v. State,* 668 S.W.2d 380, 382 (Tex. Crim.App.1984) (citing TEX. PENAL CODE ANN. § 15.01(a)). On appeal, this court is to view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found beyond a reasonable doubt that the appellant, with intent to commit theft or a felony, did an act more than mere preparation to enter another's habitation. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d

---

**1.** Roane failed to identify whether he was making a legal or factual sufficiency challenge. He cites *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), a legal sufficiency case, as the legal basis for this point of error. Therefore, under the *Jackson* standard this court will examine this point of error as a challenge to the legal sufficiency of the evidence.

560 (1979); *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Furthermore, in a burglary prosecution, the intent to commit theft may be inferred from circumstantial evidence. *See Moreno v. State*, 702 S.W.2d 636, 641 (Tex.Crim.App.1986). The jury is empowered to determine the issue of intent. *Id.*

█ The evidence at trial showed Roane did not have permission to be at the residence. Deputy Perez observed Roane chipping at the window of the home. The window Roane was found chipping on was missing a screen and part of the caulking surrounding it had been removed. Furthermore, Deputy Perez observed Roane wearing latex gloves, apparently to avoid leaving fingerprints on the window. Looking at this evidence in the light most favorable to Roane's guilty verdict, we believe a rational trier of fact could conclude Roane committed an act amounting to more than mere preparation to enter the house in question with the intent to commit a felony or theft.

In support of Roane's argument that the evidence is legally insufficient to prove he had the intent to commit burglary he cites *Perez v. State*, 695 S.W.2d 51 (Tex.App.—Corpus Christi 1985, no pet.). The *Perez* case, however, is distinguishable from the present situation in several respects. First, in *Perez*, the defendant was charged with attempted burglary for using a metal rod to pry brackets supporting an air conditioning unit from the rear wall of a building. *See id* at 53. The court reversed the defendant's conviction in *Perez* holding there were reasonable hypotheses, other than attempted burglary, to explain the defendant's actions. *See id* at 54. The court noted Perez might have been committing an act of vandalism or may have simply been attempting to steal the air conditioning unit rather than committing burglary of the building. *See id.* Therefore under the "exclusion of outstanding reasonable hypotheses" theory, the evidence was insufficient to show the required intent element of attempted burglary. *See id.* 53–54. Second, in *Geesa v. State* the Texas Court of Criminal Appeals mandated the rejection of the "outstanding reasonable hypothesis of innocense" as a method of appellate review for evidentiary sufficiency in cases tried after November 6, 1991. *See Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim.App.1991). The *Perez* opinion was issued in 1985. Because we must follow *Geesa*, *a fortiori* we may not apply the outstanding reasonable hypothesis as a method of appellate review, which necessarily precludes the use, as controlling precedent, of cases utilizing that analytical construct. Third, *Perez* is factually distinguishable from the case at bar. Unlike the defendant in *Perez*, Roane was not attempting to remove any objects from the house having value in and of themselves like an air conditioning unit. Instead, Roane was hitting at a glass window with a knife which would have given him direct access to the home. In *Perez*, it was not apparent the defendant could have even gained entry into the building if he had been successful in removing the air conditioning unit. It also seems unlikely Roane was merely attempting to vandalize the house by chipping away at the window along the caulking after carefully removing the screen.

Finally, like the Dallas Court of Appeals, we are inclined to follow the dissent in *Perez*. *See Epps v. State*, 811 S.W.2d 237, 241 (Tex. App.—Dallas 1991, no pet.) (declining to follow *Perez* to the extent case is not distinguishable). The dissent in *Perez* accurately predicted the demise of the outstanding reasonable hypothesis of innocense as a method of appellate review for evidentiary sufficiency challenges.

> The majority reasoning, carried to conclusion, would hold that when a miscreant is interrupted in his criminal activity at a point where it is impossible, short of an evidentiary windfall such as a confession, to determine if the conclusion of his activity would have resulted in Crime A, Crime B, or Crime C, then the circumstantial evidence of his intent will always fall short.

*Perez*, 695 S.W.2d at 54 (Kennedy, J., dissenting). Accordingly, we decline to follow the rationale of the majority opinion in *Perez* because as stated by the dissent, in any

interrupted burglary it would be impossible to prove that the person apprehended was attempting to enter the building. *Id.*

Because we find the evidence legally sufficient to support the jury's verdict, we overrule Roane's sole point of error. The judgment of the trial court is affirmed.