NUMBER 13-00-716-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

_____________________________________________________________________


JEFFREY ALAN LEA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

_____________________________________________________________________


On appeal from the County Court at Law No. 1 of Victoria County, Texas.

____________________________________________________________________

MEMORANDUM OPINION

 

Before Justices Dorsey, Yañez, and Rodriguez

Opinion by Justice Yañez

 

Jeffrey Alan Lea appeals from his conviction of indecent exposure. We affirm.

Appellant raises two issues on appeal. With his first issue, appellant contends that the trial court erred by admitting in
evidence a statement made by appellant during a custodial interrogation, in violation of the federal and state constitutions. 

Evidence obtained as a result of a custodial interrogation is inadmissible unless the State can prove that proper warnings
were given and show an affirmative waiver of rights. Miranda v. Arizona, 384 U.S. 436, 443-45 (1966); Brown v. State,
960 S.W.2d 265, 270 (Tex. App.-Corpus Christi 1997, no pet.). An interrogation is custodial if, under the circumstances, a
reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave. Brown, 960
S.W.2d at 271. However, even assuming, arguendo, that appellant's interrogation was custodial and he was not properly
informed of his rights, we do not find that the admission of appellant's statements were harmful.

When a trial court erroneously admits statements obtained as a result of a custodial interrogation, we must reverse the
conviction or punishment unless we can determine beyond a reasonable doubt that the error did not contribute to the
conviction or punishment. Tex. R. App. P. 44.2(a); Brown, 960 S.W.2d at 271. Applying this standard, we conclude that
the error in the present case was harmless. Appellant's statements to the police, although they indicate that he had been
engaging in the type of conduct which led to his arrest, did not positively link him to the particular event at issue in the
present case. Further, the State introduced eyewitness testimony describing the incident and identifying the appellant. The
State also produced testimony that placed appellant at the location of the crime at the time that the crime occurred. The
only additional weight that appellant's statement may have given to the State's case was to show that appellant was inclined
to engage in the kind of conduct involved in this case. (1) We conclude beyond a reasonable doubt that the admission of
appellant's statements did not contribute to his conviction. We overrule appellant's first issue.

With his second issue, appellant argues that the photographic line-up used by the State was unduly suggestive. When
reviewing a trial court's ruling on the admissibility of an identification which has been attacked as having been the product
of an impermissibly suggestive pre-trial identification procedure, "[t]he test is whether, considering the totality of the
circumstances, 'the photographic identification procedure was so impermissibly suggestive as to give rise to a very
substantial likelihood of irreparable misidentification.'"Loserth v. State, 963 S.W.2d 770, 772 (Tex. Crim. App.
1998)(quoting Simmons v. United States, 390 U.S. 377, 384 (1968)). It is not always practical, and due process does not
require, that the police use photographs which portray persons whose every feature matches the suspect's. Turner v. State,
600 S.W.2d 927, 933 (Tex. Crim. App. [Panel Op.] 1980). A photographic line-up composed of photographs of
individuals similar in size, facial features, age, and hair color and style is not impermissibly suggestive. Epps v. State, 811
S.W.2d 237, 244 (Tex. App.-Dallas 1991, no pet.). In the instant case the State compiled a photographic line-up of five
individuals, including appellant, who match the witness's description of the perpetrator, with the exception of minor
differences in hair style and color. We conclude that the photographic line-up used to identify appellant was not
unnecessarily suggestive. Appellant's second issue is overruled. 

We AFFIRM the judgment of the trial court.

 

LINDA REYNA YAÑEZ

Justice

Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

7th day of March, 2002.

1. Appellant did not raise an objection based on Texas Rule of Evidence 404.