

# IN THE
# TENTH COURT OF APPEALS

## No. 10-07-00313-CR

**GARY WAYNE WILLOUGHBY,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 54th District Court
McLennan County, Texas
Trial Court No. 2007-923-C2

## MEMORANDUM OPINION

Appellant Gary Wayne Willoughby was convicted of burglary of a habitation and sentenced to life in prison after the jury found true two enhancement paragraphs for prior habitation burglaries. Raising four issues, he appeals. We will affirm.

Willoughby's first two issues complain that the trial court erred in failing to *sua sponte* charge the jury on the lesser-included offenses of theft and criminal trespass. Willoughby neither requested these charges nor objected to their omission. The trial court need not submit a lesser-included instruction *sua sponte* if neither side requests

one or objects to its omission. *See Delgado v. State,* 235 S.W.3d 244, 249-50 (Tex. Crim. App. 2007). Moreover, the defense may not claim error successfully on appeal due to the omission of a lesser-included offense if the defense did not request one. *Id.* at 250. Accordingly, the trial court was not required to give the lesser-included instructions to the jury *sua sponte*, and we overrule Willoughby's first and second issues. *See Mashburn v. State,* 272 S.W.3d 1, 15 (Tex. App.—Fort Worth 2008, pet. ref'd).

Willoughby's third issue asserts that the evidence is legally and factually insufficient to establish the intent to commit theft. When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of a penal offense, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Our duty is to determine if the finding of the trier of fact is rational by viewing all of the evidence admitted at trial in the light most favorable to the verdict. *Adelman v. State,* 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In doing so, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In a factual sufficiency review, we ask whether a neutral review of all the evidence, though legally sufficient, demonstrates either that the proof of guilt is so weak or that conflicting evidence is so strong as to render the factfinder's verdict clearly wrong and manifestly unjust. *Watson v. State*, 204 S.W.3d. 404, 414-15 (Tex. Crim. App. 2006); *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). "The court reviews the

evidence weighed by the jury that tends to prove the existence of the elemental fact in dispute and compares it with the evidence that tends to disprove that fact." *Johnson*, 23 S.W.3d at 7. The appellate court "does not indulge in inferences or confine its view to evidence favoring one side of the case. Rather, it looks at all the evidence on both sides and then makes a predominantly intuitive judgment. . . ." *Id.* (quoting William Powers and Jack Ratliff, *Another Look at "No Evidence" and "Insufficient Evidence*," 69 TEXAS L. REV. 515, 519 (1991)). The nature of a factual sufficiency review authorizes an appellate court, although to a very limited degree, to act as the so-called "thirteenth juror" to review the factfinder's weighing of the evidence and disagree with the factfinder's determination. *Watson*, 204 S.W.3d at 416-17.

The indictment charged Willoughby with entering the habitation of the complainant, Adele Hanus, a 79-year-old woman, without her effective consent and with the intent to commit theft. A person commits the offense of burglary by entering a habitation without the effective consent of the owner, with the intent to commit a felony or theft. TEX. PEN. CODE ANN. § 30.02(a)(1) (Vernon 2003). The requisite specific intent to commit theft can be inferred from a defendant's conduct and remarks and from all surrounding circumstances. *See Robertson v. State,* 871 S.W.2d 701, 705 (Tex. Crim. App. 1993). "In a burglary prosecution, the intent to commit theft may be inferred from circumstantial evidence." *Moreno v. State,* 702 S.W.2d 636, 641 (Tex. Crim. App. 1986), *disapproved on other grounds by Hall v. State,* 225 S.W.3d 524 (Tex. Crim. App. 2007); *see Roane v. State,* 959 S.W.2d 387, 388 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd); *Linder v. State,* 828 S.W.2d 290, 294 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Furthermore, immediate flight from a scene can be considered evidence of consciousness of guilt. *See Fentis v. State*, 582 S.W.2d 779 (Tex. Crim. App. 1976).

Hanus was on the phone in the hallway of her home when Willoughby, whom she had not given consent to be there, walked out of the back bedroom and past her and the bathroom, clutching a bag. She told him to return, and he exclaimed that he only wanted to use the bathroom. He fled on his bicycle, dropping a crowbar and some of Hanus's property, yet he escaped with jewelry, a pillow case, and other personal effects, including Hanus's deceased husband's identification. Willoughby had gone through the back bedroom's closet, chest of drawers, and jewelry boxes. Police located Willoughby soon on his bicycle, but he refused to stop, then did stop only to ride off when the officer stopped his patrol car and was getting out of it. After police detained Willoughby, Hanus identified him in a lineup.

Willoughby's contention on appeal is that the evidence is insufficient to establish that he formed the intent to commit theft before he entered Hanus's home, based on the evidence that he told Hanus that he only wanted to use the bathroom. But the evidence shows that he entered her home carrying a bag and a crowbar, went through the back bedroom, emptying out jewelry boxes and going through a closet and drawers, and fled from Hanus and the police.

Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that Willoughby entered Hanus's home with the intent to commit theft. Other than Willoughby's statement that he entered her home only to use the bathroom, there was no other

controverting evidence, and the jury was free to disbelieve Willoughby's explanation to Hanus for being in her home. And considering all of the evidence in a neutral light, we find that the evidence is factually sufficient. The proof of guilt is not so weak nor the conflicting evidence so strong as to render the jury's verdict clearly wrong and manifestly unjust. Because the evidence is legally and factually sufficient, we overrule Willoughby's third issue.

In his fourth issue, Willoughby asserts that the trial court's instruction in the punishment charge that the jury should not let "sympathy" affect its deliberations and verdict is constitutional error that caused egregious harm in this non-capital case. We have recently decided this issue against Willoughby's position and see no occasion to revisit our ruling. *See Wilson v. State*, 267 S.W.3d 215, 219-20 (Tex. App.—Waco 2008, pet. ref'd) (citing *Saffle v. Parks*, 494 U.S. 484, 489, 110 S.Ct. 1257, 1260-61, 108 L.Ed.2d 415 (1990) (holding that jurors need not "be allowed to base the sentencing decision upon the sympathy they feel for the defendant after hearing his mitigating evidence.")). Willoughby's fourth issue is overruled.

We affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed August 12, 2009
Do not publish
[CRPM]