Opinion issued January 19, 2012.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO.
01-10-00633-CR

———————————

KENDRICK
BURKS, Appellant

V.

tHE STATE OF TEXAS,
Appellee



 



 

On Appeal from the 176th District Court

of Harris County, Texas



Trial Court Case No. 1209133

 



 

MEMORANDUM OPINION

          A jury
convicted appellant, Kendrick Burks, of aggravated robbery and assessed
punishment at 30 years’ confinement.  In
two issues, appellant complains that (1) the trial court erred in admitting
into evidence an out-of-court photo lineup because its content impermissibly
suggested appellant as the offender, and (2) the out-of-court identification of
appellant tainted a subsequent in-court identification. We affirm.

Background

          On
the day of the incident, Benjamin Mbagwu was selling ice cream from his vending
truck near the Clem Manor apartment complex. 
While tending to a customer, Mbagwu noticed two men running towards him
with guns.  One of the men, later identified
as appellant, jumped through the truck’s vending window demanding money.  After responding that he had no money, appellant
struck Mbagwu with his gun and took off Mbagwu’s pants to take his wallet.  Meanwhile, the second gunman put on a mask
and remained outside of the truck with his gun pointed at Mbagwu.  Mbagwu escaped by jumping through the vending
window, as appellant drove the truck a short distance before stopping.  Intending to buy ice cream, a woman and her
son approached the truck, but, after noticing appellant’s gun, ran inside their
home and called police.  When police
arrived, Mbagwu described appellant as a black male around 21 years old, with a
broad nose, about 5'5–5'7" tall, wearing a sleeveless shirt with another
shirt wrapped around his waist, and with braided hair with beads placed at the
top and bottom of the braids. 

          After
a “concerned citizen” provided the police at the scene with the name “Kendrick
Burks,” Houston Police Officer J. Dickerson ran appellant’s criminal history
and noticed that appellant’s photo matched the description given by
Mbagwu.  Dickerson then created a photo
array by selecting five other males from a mug shot database who had similar
characteristics as appellant, primarily focusing on the hair.  The array consisted of photos of six black
males of similar age and skin tone, style of clothing, and with braided hair.  Three of the six men had beads in their hair,
but appellant alone had beads at the top and bottom of his braids.  In addition, appellant wore a yellow shirt,
while the others wore black, white, or maroon colored shirts.  

          Six
days after the incident, Dickerson met Mbagwu at his apartment to show him the
photo array.  According to testimony, Dickerson
told Mbagwu to examine the photos and explained that the gunman might or might
not be pictured.  Within seconds, Mbagwu positively
identified appellant as the gunman in the truck.  After identifying appellant, Dickerson
testified that Mbagwu became emotional, started shaking, and appeared as though
he wanted to cry.  

          About
a week after the first identification, Dickerson again met with Mbagwu with
another photo array – this time to identify appellant’s accomplice.  Dickerson testified it took Mbagwu about five
minutes to select the second gunman, and Mbagwu displayed no emotional response
as he had when he identified appellant. 
Mbagwu later became uncertain about the identity of the second gunman,
testifying that he may have seen the man previously as a customer and wanted to
confirm by seeing him in person.  The
case against the alleged second gunman was subsequently dismissed.  

          Appellant
filed a motion to suppress the photo identification, contending the photo array
was impermissibly suggestive, thereby violating the procedures safe-guarding
against misidentification.  At the motion
to suppress hearing, the court heard testimony from Dickerson and Mbagwu.  Mbagwu testified that he made his
identification based on his recollection of appellant’s face.  According to Mbagwu, he suffered from no
visual limitations and the day was bright and clear.  Mbagwu was able to view the gunman for four
to six minutes in close proximity because the gunman jumped into the truck, did
not wear a mask or anything to obscure his face, and stood close enough to
assault Mbagwu and remove his pants.  At
the conclusion of the hearing, the court denied the motion and admitted the
out-of-court photo identification.  During
trial, Mbagwu again positively identified appellant as the gunman.  A jury found appellant guilty of aggravated
robbery, and this appeal followed.  

PRETRIAL
IDENTIFICATION

          Appellant
argues that the pretrial photo line-up impermissibly suggested him because the
array showed appellant in a bright yellow shirt causing him to stand out among
the other pictured men who wore dull-colored clothing.  Appellant further argues that, out of the
three suspects who wore beads in their hair, he alone matched the description
provided to police because he was the only one with beads placed at the top and
bottom of his hair.  Appellant contends
that the impermissible suggestion created a substantial likelihood of
misidentification because Mbagwu’s observation of the gunman was limited in
time and affected by the gun and fear.  

Standard of Review

A pretrial identification procedure may be so
suggestive and conducive to mistaken identification
that subsequent use of that identification at
trial would deny the accused due process of law. See Simmons v. United
States, 390 U.S. 377, 384 (1968); Barley v. State, 906 S.W.2d 27,
32–33 (Tex. Crim. App. 1995).  When
challenging the admissibility of a pretrial identification,
an accused has the burden to show: (1) the out-of-court identification procedure was impermissibly suggestive; and (2) the
suggestive procedure gave rise to a substantial likelihood of irreparable
misidentification.  Barley, 906
S.W.2d at 33.  If a court finds that a
pretrial identification procedure was impermissibly suggestive, it must then
consider whether the suggestive procedure gave rise to a substantial likelihood
of irreparable misidentification.  Neil
v. Biggers, 409 U.S. 188, 198 (1972). 

In reviewing a trial
court’s decision on the admissibility of a pretrial identification,
we defer to the trial court’s rulings on mixed questions of law and fact if
they turn on the credibility and demeanor of witnesses.  The question of whether a pretrial identification procedure was impermissibly suggestive is a mixed
question of law and fact that does not turn on an evaluation of credibility and
demeanor; therefore, we apply a de novo standard of review.  Loserth
v. State, 963 S.W.2d 770, 773 (Tex. Crim. App. 1998).

Appellate courts are
not limited to reviewing only the evidence adduced at the admissibility hearing
when considering the identification.  Webb v. State, 760 S.W.2d 263, 272 n.13
(Tex. Crim. App. 1988).  An appellate
court may review both the hearing testimony and evidence adduced at trial when
determining the admissibility of a pretrial identification.
 Id.

Impermissibly Suggestive

In determining the
suggestiveness of an out-of-court identification, the court must examine the
manner in which the pretrial procedure was conducted, as well as the content of
the line-up or photo spread.  See Burns v. State, 923 S.W.2d
233, 237–38 (Tex. App.—Houston [14th Dist.] 1996, pet. ref’d).  Suggestiveness may arise from the manner in which a pretrial
identification procedure was conducted.  Barley, 906 S.W.2d at 33.  For example, a police
officer may point out the suspect or suggest that a suspect is included in a
line-up or photo array.  Id. In
addition, the content of a
line-up or photo array itself may be suggestive if the suspect is the only
individual who closely resembles the witness’s description.  Id. A pretrial identification may be suggestive in a single
procedure or by the cumulative effect of multiple procedures.  Id.  Even when a pretrial
identification procedure
may have been suggestive, the defendant still bears the burden
to establish by clear and convincing evidence that the procedure was impermissibly
suggestive.  Id. at 33–34
(emphasis added).  

Appellant argues that, because of
his brightly colored yellow shirt, he stood out among the others, drawing
attention immediately to him.  In
addition, although all men wore braids, only three wore beads, and appellant
was the only person with white beads at the top and bottom of his braids.  We do not find these arguments
persuasive.  

To amount to the
suggestiveness made impermissible, the photographic identification procedure
must in some way be so defective as to indicate or suggest the photograph that
the witness is to identify.  Ward v.
State, 474 S.W.2d 471, 475 (Tex. Crim. App. 1971).  We do not find that to be the case here.  While every photographic array must
contain photographs of individuals who fit the rough description of the suspect,
it is not essential that all individuals be identical in appearance.  Buxton v. State, 699 S.W.2d 212, 216
(Tex. Crim. App. 1985).  Neither due
process nor common sense requires that the individuals in a lineup exhibit
features exactly matching the accused. Colgin
v. State, 132 S.W.3d 526, 532 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d) (citing Turner v. State,
600 S.W.2d 927, 933 (Tex. Crim. App. 1980)). 
Nor are such practices practical. 
Ward, 474 S.W.2d at
475–76.  All men pictured in the
array wore braids and were of similar age, race, and size – fitting the general
description of the gunman.  The fact that
appellant’s shirt was yellow does not rise to the level of suggestiveness prohibited
by the courts of this state.  See Bethune v. State, 821 S.W.2d 222,
228–29 (Tex. App.—Houston [14th Dist.] 1991), aff’d, 828 S.W.2d 14 (Tex. Crim. App. 1992) (not suggestive when appellant
only one wearing a collared shirt with lettering and a design); Epps v. State, 811 S.W.2d 237, 243–44
(Tex. App.—Dallas 1991, no pet.) (not suggestive when appellant wearing
jacket); Barley v. State, 906
S.W.2d 27. 33–34 (Tex. Crim. App. 1995) (en banc) (photo of appellant taken in
different setting not impermissibly suggestive).

Nor do we find that the
beads impermissibly suggested appellant as the offender.  Williams v. State, 675 S.W.2d 754, 757 (Tex. Crim. App. 1984)
(not suggestive when appellant was one of two men who appeared to match age in
witness’s description, while others looked younger); Ward, 474 S.W.2d at 475–76 (not suggestive when only appellant had
Afro hairstyle as described by witness). 
Dickerson was not required to find five other individuals with
the same color shirt and placement of hair beads as appellant.  Even if the beads suggested appellant, Mbagwu
testified that he selected appellant based on his recollection of the gunman’s
facial features and not because of the beads. See Barley, 906 S.W.2d at 34; Bethune, 821 S.W.2d at 229.

Appellant
has failed to prove by clear and convincing evidence how the suggestiveness, if
any, was impermissible.  A finding that a
pretrial identification procedure was
not in fact impermissibly suggestive obviates
the need to determine whether it created a substantial likelihood of
misidentification.  Williams v.
State, 675 S.W.2d 754, 757 (Tex. Crim. App. 1984).  

We overrule
Appellant’s first issue.

IN-COURT
IDENTIFICATION

In his second issue,
Appellant contends the impermissible photo array identification tainted the
subsequent in-court identification.  In-court
identifications are inadmissible when tainted by an unduly suggestive pretrial identification.  Colgin
v. State, 132 S.W.3d 526, 531–32 (Tex. App.—Houston [1st Dist.] 2004, pet.
ref’d).  

Because we have
held that the pretrial identification procedure was not unduly suggestive, we
also hold that the subsequent in-court identification was not tainted.

We overrule appellant’s
second issue.

 

 

 

 

Conclusion

We affirm the
trial court’s judgment.

 

 

                                                          Sherry
Radack

                                                          Chief
Justice

 

Panel consists of Chief Justice Radack and Justices
Bland and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b).